No. 12,830.

Barrow et al v. Wilcoxson et al.
(14 P. [2d] 1095)

Decided September 12, 1932.

Mr. C. W. DARROW, Mr. C. H. DARROW, for plaintiffs in error.

Mr. FRANK DELANEY, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

WILCOXSON, a cattleman, and a group of numerous others engaged in the same industry, brought an action against Barrow, a sheepman, and many others of like employment, to apportion and divide the use of a certain range on the public domain, situate in the counties of Garfield, Mesa and Rio Blanco, state of Colorado. The proceedings were conducted under the provisions of chapter 125, Session Laws 1929. Pursuant to the findings of referees, the district court designated a certain

portion of the territory in question as cattle range and another part of it as sheep range, and granted injunctive relief. Two of the defendant sheepmen, Tom Oyharcaball and Bruno Oyharcaball, copartners, are the only plaintiffs in error. We refer to them as the defendants, and to defendants in error, Wilcoxson and his associates, as plaintiffs.

For convenience in apportioning and classifying the range, the referees divided it into 11 districts, a map and description of which are contained in the record. The referees found that the territory embraced in districts Nos. 1 to 10, both inclusive, was used as a mixed range during the last grazing season prior to March *18th,* 1929. They further found that the main portion of district No. 11 was used exclusively as a cattle range during the year 1928. Defendants admit that they are interested in districts numbered 5, 6, 10 and 11 only, but as Nos. 6 and 10 were finally designated in favor of defendants as exclusive sheep range, and Nos. 5 and 11 in favor of plaintiffs as exclusive cattle range, the two last named districts are all that need be considered.

After the cause reached this court, it was by agreement of counsel argued and considered with No. 12,881, *Allen v. Bailey,* 91 Colo. 260, 14 P. (2d) 1087, this day decided, in which we hold the above legislative act to be constitutional. This case presents additional questions.

■ 1. Defendants' first assignment of error is based upon a portion of the instructions of the court to the referees. In effect, the part to which objection is made is the direction that in determining the rights of the parties in or to a mixed range, consideration should be given not only to the use made thereof during the grazing season prior to the passage of the 1929 act, that is, the season of 1928, but also the use made of such mixed range for a reasonable period of time prior thereto, to the end that the referees might determine which class of live stock growers first used said range or any part thereof. If we understand defendants correctly, their

contention is that such inquiry should have been limited to the grazing season of 1928. An answer to this objection will be found in the statute itself. It calls for a comparison of section 1 with section 2 of the 1929 act. The two sections are set forth in haec verba in *Allen v. Bailey, supra*. Section 1 provides that "* * * the preferred or better right * * * shall * * * be determined according to the use made thereof during the last grazing season prior to the passage of this act, whether such use was as a cattle or sheep range * * *." The use of the disjunctive word "or" indicates that the Legislature had in mind at that place in the statute a range that had been used exclusively for one or the other of such classes of live stock during the last grazing season, and that the findings and decree should be in conformance therewith. This meaning of section 1 is conclusively shown by the fact that an entire section (§2) immediately follows, which is devoted to the apportionment and division of "Any range *now* being used as a mixed cattle *and* sheep range," etc. (The italics are ours.) The word "now" means March 19, 1929, when the act was approved and went into effect, not the grazing season of 1928.

The construction advocated by defendants would lead to an absurdity for another reason. Segregation of different classes of live stock in territory where either only cattle or sheep grazed in the year 1928, as indicated in section 1, would ordinarily seem to present no difficult problem to the court or referees; but a mixed range is different. It goes to the heart of the legislation, "To prevent dissension and breach of the peace." If the future use of a mixed range is to be adjudicated solely according to the use made thereof during the season of 1928, it would retain its character as a mixed range, there could be no segregation of cattle and sheep, and the primary purpose of the act would be defeated. To prevent this, section 2, relating to a mixed range, concludes with this sentence: "Any *such* range [our italics] shall, upon final hearing, be apportioned according to the

requirements of the different kinds of live stock grazed or herded thereon and the nature of the different parts of the range to be apportioned and in accordance with the equities and rights of the owners of the different kinds of live stock using such range as a class, regard being had to the extent of the user theretofore made by each class of live stock growers.'' Counsel for defendants urge that the above words, ''extent of the user,'' do not relate to extent of time, but to extent of territory, but the statute does not so declare. Counsel's argument might be persuasive if boundary lines were the only component parts of the use of the range, but hardly otherwise.

2. We have considered objections to the instructions only to the extent that they were offered to the district court before the referees entered upon the discharge of their duties; it was then that all objections were being considered, and they might have been corrected at that time if the objections were valid. We are not to be understood as necessarily endorsing the instructions as a whole, but we have not quoted and do not consider objections enlarged upon in the assignments of error beyond instructions that the trial court might have changed if it had been given an opportunity to do so at the proper time. We must hold against the defendants' objections to the instructions.

3. Upon the subject of how many years back the referees should have gone in determining the use of the range, defendants' separate answer and cross complaint, filed prior to their objections to the instructions, is not without interest. Whether a decade or more is too remote or not, which we need not decide, defendants themselves raised that issue by alleging, among other things, that for more than ten years last past they were engaged in the raising, pasturing, grazing, breeding and herding of sheep on their own land and the adjoining public domain. In another part of their answer, they aver that a certain portion of the range was used in com-

mon for cattle and sheep for a period of fifteen years. They conclude with a prayer that upon joinder of issue, referees be appointed under the provisions of the act in question, and for an adjudication of their rights. They were not restricted in their proof, but the evidence was conflicting, and the usual rule in such case applies.

4. Assignment of error No. 2 is based upon the alleged erroneous classification of district No. 5 as exclusive cattle range, and assignment No. 7 upon like classification of district No. 11, but the findings were based upon conflicting evidence and will not be disturbed. Priority of use and occupation is a common method employed in the determination of possessory rights, when the equities are otherwise equal. It is reflected in section 6872, Revised Codes of Idaho, quoted in a footnote to the reported case of *Omaechevarria v. State of Idaho,* 246 U. S. 343, 38 Sup. Ct. 323, 62 L. Ed. 763, in which the Idaho statute was upheld. The case last mentioned is discussed at length in our opinion in *Allen v. Bailey, supra.*

There are numerous other assignments of error, but we have discussed only those that have been argued. The unanimity of the report of the referees, one of whom was required to be in the sheep industry (defendants' calling), and the thoroughness of their work as well as that of the district court and respective counsel, contribute to our conviction that the judgment is just and equitable.

Judgment affirmed.