DENVER-CHICAGO TRUCKING COMPANY *v.*
THE REPUBLIC DRUG CO.

No. 17,828.

THE REPUBLIC DRUG CO. *v.*
THE LEONARD ORMAN COMPANY.
(306 P. [2d] 1076)

Decided January 28, 1957. Rehearing denied February 25, 1957.

Mr. JOHN T. DUGAN, for plaintiff in error Denver-Chicago Trucking Company.

Messrs. FAIRFIELD & WOODS, for plaintiff in error The Republic Drug Co.

Messrs. CRANSTON & ARTHUR, for defendant in error The Leonard Orman Company.

*In Department.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court or by name, abbreviating the plaintiff to Orman; Republic Drug Co. to Republic, and Denver-Chicago Trucking Co. to Denver-Chicago.

The action was commenced in the district court by The Leonard Orman Company, plaintiff, against The Republic Drug Co., defendant, upon open book account for merchandise sold and delivered to Republic. Orman sought to recover $1310.40. Republic filed a third party complaint against Denver-Chicago Trucking Co., Inc., and Cecil A. Foster, doing business as Foster Truck Lines, claiming damage to the goods in transit. Foster thereafter was adjudicated a bankrupt and was dismissed from the case and is not involved here. Denver-Chicago was an intermediate carrier, having received the merchandise in Chicago from the initial carrier, Transamerica Freight Lines, Inc., for transportation from Chicago to Denver. Republic refused delivery of the

entire shipment in Denver because of alleged damage and claimed damages from the carrier in the amount it was being asked to pay Orman on the purchase price of the goods. This was a cost price of five cents on each of 22,765 cosmetic items. Denver-Chicago denied any liability and filed a counter claim against Republic for freight charges and for storage of the merchandise after delivery was refused. Upon trial, judgment was entered in favor of plaintiff and against Republic in the sum claimed with interest and costs, and against Denver-Chicago in favor of Republic in a like amount. Both Republic and Denver-Chicago seek review by separate writs of error of the judgments against them. On motion an order was entered in this court directing that a single record on error be filed here and that the writs of error on both cases be reviewed on that record.

Denver-Chicago claims error in the judgment of $1310.40 plus interest entered against it in favor of Republic, and also contends that the court erred in dismissing its counter claim for freight and storage charges. Republic claims that the court erred in entering judgment against it on the Orman complaint for the purchase price of the goods.

We shall first consider the judgment in favor of plaintiff Orman and against Republic. The bill of lading, reciting that the merchandise was delivered to the initial carrier in good order and condition, was by stipulation offered and received in evidence, thus establishing as prima facie true the recitals therein. Republic did not produce any evidence to rebut this prima facie evidence. Counsel for Republic state in their brief that, "the delivery by the seller to a carrier for shipment to the buyer constitutes delivery to the buyer and the title passes," subject to the qualification that the goods are the kind and quality ordered. 46 Am. Jur., Sales, sec. 174. Republic did not contend that the goods were not of the quantity and quality ordered but merely that they had been damaged in transit. That the goods were in good

order and condition when delivered to the initial carrier was admitted by stipulation; moreover the recitals of the bill of lading are prima facie evidence of that fact. The judgment of the trial court in favor of The Leonard Orman Company and against The Republic Drug Co. is correct and should be affirmed.

The trial, and thus virtually all of the testimony, was devoted to the third party claim by Republic against Denver-Chicago. Denver-Chicago contends, among other things, that the trial court erred in the following points, although not in the order we are treating them here:

1. That no notice was served on Denver-Chicago, intermediate carrier, as provided by section 2 (b) of the uniform bill of lading.

2. That the damages were not shown to have occurred on the lines of or while in the possession of the connecting carrier, Denver-Chicago.

3. That the amount of damage was not established.

1. As to the first point, the bill of lading provides as a condition precedent to filing suit that notice be given according to its terms. That portion 2 (b) is as follows:

"As a condition precedent to recovery, claims must be filed in writing with the receiving *or* delivering carrier, *or* carrier issuing this bill of lading, *or* carrier on whose line the loss, damage, injury or delay occurred, *or* carrier in possession of the property when the loss, damage, injury or delay occurred, within 9 months after delivery of the property . . . or in case of failure to make delivery, then within 9 months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within 2 years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claims or parts thereof specified in the notice. Where the claim is not filed or suits are not instituted therein in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claim will not be paid." (Emphasis supplied.)

It is admitted that the consignor, Orman, filed a claim against the initial carrier, Transamerica, Inc., in apt time, and several of the exhibits show that copies of correspondence in connection with the claim were furnished both by Orman and Transamerica to Denver-Chicago. Denver-Chicago, however, contends that although having information about the claim by Orman against Transamerica, it was not notified of a claim against it by Republic. The question posed here is whether the disjunctive "or" should be construed by the court to mean "and." We have had many occasions to construe "or" when used in statutes. See: *Henrie v. Greenlees,* 71 Colo. 528, 208 Pac. 468; *Barrow v. Wilcoxson,* 91 Colo. 278, 14 P. (2d) 1095. It appears to be well established that courts will sometimes construe "or" to mean "and" in order to carry out the plain meaning or intent of the legislature. A similar rule applies in construing a contract. If we are to substitute the word "and" for "or" in section 2 (b) of the bill of lading, the requirements would be unreasonable for it would then mean that notice be sent to all carriers handling the shipment across country. In *Denver Horse Importing Company v. Schafer,* 58 Colo. 376, 147 Pac. 367, we said:

" * * * the disjunctive word 'or' which, when used in this sense, is defined by Webster as 'A co-ordinating particle that marks an alternative; as you may read or may write, — that is, you may do one of the things at your pleasure, but not both. *It often connects a series of words or propositions, presenting a choice of either.'* " (Emphasis supplied.)

Here then plainly there is a choice and notice to one is notice to all. There is no express provision in section 2 (b) of the bill of lading as to who should file the notice. At the time of the filing the consignor believed that it was the one that should file. We cannot here hold that such decision is fatal to the claim of Republic. Otherwise we would require that title to a shipment be quieted or that the legal owner be judicially determined

to identify a proper claimant with authority to file notice. Since the purpose of the notice is to give Denver-Chicago and other carriers involved an opportunity to investigate, it had ample notice in that respect. In fact the shipment was in its possession from the moment of its rejection by Republic and was eventually sold by the trucking company for storage in the amount of $330.00.

2. On the second point concerning the sufficiency of the evidence to support the finding of the trial court that the damage to the shipment was proximately caused by the negligence of Denver-Chicago and that the damage occurred on the Denver-Chicago line, we point out that Tony Christopher, an employee of Denver-Chicago, employed as a checker on the Chicago dock, and whose duty it was to check the condition of the shipment and if any portion of it arrived damaged to note such damage on the freight bill, noted on the way-bill that the shipment was two cartons short and that some bottles were broken and some of the cartons were re-used, but did not describe damage as extensive as that described by the witnesses who saw the shipment on its arrival in Denver. The shipment when tendered to Republic Drug was described as 25% of the cases broken and leaking; contents spilled out; cartons wet; lipstick falling out, etc. Since that damage is different from the condition of the shipment as noted on the way-bill when Denver-Chicago took the shipment in Chicago, it is real and concrete evidence of mishandling. Where there is evidence in the record to support the finding of the trial court, we will not disturb such finding on review.

3. We think the trial court erred on point 3. The evidence does not support damages in the amount found by the trial court. In fact the evidence is contrary to the finding. The damage to the goods is not seriously in dispute. The witness for the third party plaintiff, Republic, was its buyer. He testified that he examined the shipment on flats and that about 50 of the cartons showed extensive damage, being wet and with broken contents

and with contents spilled out. There were 225 cartons in the shipment. Witnesses called by the third party defendant, Denver-Chicago Co., testified that an inspection of all of the items in the shipment showed that 17,831 out of a total 22,765 items were in good condition; 2976 of the items were in good condition as to contents but the labels were stained. Viewing the evidence in the light most favorable to the third party plaintiff and assuming that the 2976 items with stained labels were of no value to Republic, nevertheless 75% of the items (in excess of 17,000) were not damaged in any respect. Using the measure of damages of five cents per item (as used by the trial court in computation on the total items in shipment) damage to the 6377 items was only $318.85. It was error for the trial court to assess the additional $891.55 of undamaged items to Denver-Chicago.

For the same reason the court erred in denying the counter claim of Denver-Chicago for freight on the 17,731 undamaged items contained in the 175 cartons which even Republic did not establish were damaged. Storage on those items because of the action of Republic in refusing to accept them should have been allowed and the court erred in denying that portion of the counter claim. We hold that a consignee cannot abandon an entire shipment because some 25% of it is damaged. In 9 Am. Jur., sec. 560, it is stated:

"The obligation of the consignee to receive goods carried is not affected by the circumstances that they may have been injured or damaged in transit, but so long as they retain a substantial value, the consignee is bound to accept them, and can hold the carrier responsible only for the actual damage."

The only evidence in the record to sustain the finding of the trial court that the shipment was "worthless" was the mere statement of the buyer of Republic, which was, at most, a conclusion not supported by his own report of the cursory inspection made of the cartons as they were laid out on flats. Since no evidence was taken by the

trial court as to the freight charges on 175 cartons containing the 17,831 good items and the amount of storage thereon, the cause is remanded for the taking of such evidence. The amount found less the $330.00 already received by the carrier for sale of the merchandise under the foreclosure of its warehouseman lien should be entered as a judgment in favor of Denver-Chicago against the third party plaintiff, Republic, on the third party defendant's counter claim. The $318.85 actual damage to the 6377 items may be offset against the balance of the freight and storage charges.

In No. 17,828 the judgment in favor of Leonard Orman Company against Republic Drug Co. is affirmed. In No. 17,812 the judgment in favor of the third party plaintiff, Republic Drug Co., and against the third party defendant, Denver-Chicago Trucking Company, is reversed and remanded with instructions to vacate the judgment in the amount of $1310.40 and to enter judgment thereon in the amount of $318.85. The judgment dismissing the counter-claim of Denver-Chicago against Republic is reversed and remanded with directions to make findings and enter judgment on the counter claim in accordance with the views herein expressed.

Mr. Chief Justice Moore, Mr. Justice Knauss and Mr. Justice Sutton concur.