GARFIELD HEIGHTS (CITY), PLAINTIFF-APPELLEE, *v.* SAND, INC., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26530.   Decided December 5, 1963.

*Mr. Kenneth Stralka,* for plaintiff-appellee.
*Messrs. Vince, Gruber, Moriarty & Fricke, Mr. Richard J. Moriarty, Mr. Harold A. Phelan,* for defendant-appellant.

SILBERT, J.  This is an appeal on questions of law from a judgment entered in the Garfield Heights Municipal Court wherein the defendant-appellant was found guilty of being in violation of Ordinance No. 90-A-1962 which had been enacted by the Council of Garfield Heights.  The defendant-appellant filed a motion for a new trial, which was subsequently over-ruled.  The ordinance in question provided as follows:

"*925.09 Fencing Dangerous Excavations.*

"(A) When any excavation is or, in the course of operations, can be reasonably expected to come within such close proximity to a residence or a residential portion of the City, and such excavation attains such depth as to become, in the judgment of the Safety Committee of Council, unsafe, menacing or dangerous to life and limb, the Safety Committee may require the Safety Director to order the owner, operator or tenant in writing to erect a proper protective, chain-link type fence of suitable height, not to exceed eight feet, with or without a barbed wire extention, as the circumstances shall require.

"(B) The Safety Committee shall designate the extent of the area to be so protected by the fence.

"(C) The owner, operator or tenant shall comply with the order of the Safety Director within a period of thirty days. Failure to comply within such period shall subject the owner, operator or tenant to the penalty set forth in Section 925.99.

"*925.99 Penalty.*

"Whoever violates any provision of this chapter shall be fined not more than five hundred dollars ($500.00) or imprisoned not more than six months, or both."

Defendant-appellant is a lessee of a certain area in the City of Garfield Heights from which it extracts sand and gravel. The general contour of the land is pitted by these excavations.

On August 14, 1962, defendant-appellant received notice from the Safety Director that his "department has been requested by the Safety Committee of the Council of the City

of Garfield Heights, Ohio, to order your company to install a chain-link type protective fence, not to exceed 8 feet in height, about the area of your sand and gravel operations from McCracken Road to the City boundary line.''

It should be noted that the function of this committee of council does not represent a legislative act by council.

On September 11, 1962, the Safety Director received notice from defendant-appellant stating that upon advice of counsel it would not comply with the above order.

The case at bar was initiated by the filing of the following affidavit:

''* * * On 15-September-1962, at the City of Garfield Heights, in said County and State, one SAND, INC., did then and there violate Section 925.09 of the City of Garfield Heights Ordinance No. 90-A-1962 by refusing to erect a safety fence around a dangerous excavation contrary to the ordinance in such cases made and provided and against the peace and dignity of the City of Garfield Heights, and in violation of law, affiant further says not.

/s/  James L. Hopkins<br>9-21-62

''* * *.''

Thereafter, defendant-appellant's motion to dismiss the affidavit on the ground of insufficiency was overruled and a plea of ''not guilty'' followed. This case was then submitted to the trial court upon stipulated facts, from which a finding of ''guilty'' resulted.

The defendant-appellant claims the following assignments of error:

''Assignment of Error No. 1.

''The trial court erred in overruling defendant-appellant's objection to the sufficiency of the affidavit.

''Assignment of Error No. 2.

''The trial court erred in viewing the premises without the knowledge of defendant-appellant.

''Assignment of Error No. 3.

''The trial court erred in overruling defendant-appellant's motion to dismiss the case on the grounds that the ordinance violates the Ohio and the United States Constitution.

"Assignment of Error No. 4.

"The trial court erred in excluding Stipulations Nos. 16, 17, 18 and 20 from evidence.

"Assignment of Error No. 5.

"The verdict was against the manifest weight of the evidence and the judgment of the trial court was contrary to law."

The gravamen of defendant-appellant's assignments of error is lodged in Assignment of Error No. 3. The record does not disclose defendant-appellant's motion to dismiss the case on grounds of unconstitutionality. However, we will consider the constitutionality of the ordinance in question.

Under the Home Rule Provisions of the Ohio Constitution, municipalities would have the power to enact legislation in regard to the fencing of surface areas that have been excavated if such legislation has a substantial relation to the health, safety, morals or general welfare of the public.

The ordinance in question delegated the determination of whether an excavation is of such depth as to become unsafe, menacing or dangerous to life or limb to the Safety Committee of Council, which in turn is given the discretion whether or not the Safety Director should enforce the erection of fencing.

A very knowledgeable discussion relating to the delegation of legislative authority is found in *In re Adoption of Uniform Rules and Regulations Relating to Valuation of Real Property: Carney, Aud.* v. *Board of Tax Appeals*, 169 Ohio St., 445, at page 451, 160 N. E. (2d), 275. Is is stated:

"Whether the Legislature has exceeded its power in delegating legislative authority is determined by the extent to which it has created companion rules and standards for the guidance of the administrative agency concerned. If a clear and sufficient determination of policy has been legislatively made and adequate rules and standards of guidance are provided, a claim of unconstitutionality must fall. Unconstitutionality exists where the assigned function of the administrative unit transcends mere functional operation and extends into the policy-making area, and it is the position of the auditor that such is the case here. In support of his position, he cites the three following cases decided by this court, all in accord with the foregoing comments: *Weber* v. *Board of Health*, 148

Ohio St., 389, 74 N. E. (2d), 331; *Belden* v. *Union Central Life Ins. Co.*, 143 Ohio St., 329, 55 N. E. (2d), 629; and *Matz, Admr.*, v. *J. L. Curtis Cartage Co.*, 132 Ohio St., 271, 7 N. E. (2d), 220.

"In the *Matz case*, the court stated as follows:

" 'It is the general rule that in order to confer the power to make rules and regulations upon a commission, the Legislature must establish the policy of the law by adopting standards as has been heretofore stated with reference to conferring official discretion. The discretion conferred must not be "unconfined and vagrant" and must be "canalized within banks that keep it from overflowing." ' (Mr. Justice Cardozo in *Panama Refining Co.* v. *Ryan, supra.*)

" 'If such general rule-making power could be conferred indiscriminately, the Legislature could meet, create commissions, pass on to them the duties of legislation and then adjourn sine die. Without restrictions on the commission's power, rules and regulations of whatever kind could be adopted by it without notice, and changed overnight. The result would be that statutory law would lose its significance and legal rights would be grounded in great measure upon the readily alterable rules and regulations of boards and commissions. Thus the constitutional right of referendum would be denied, government would be given over to the despotic rule of administrative authorities and bureaucracy would run wild. * * *.' "

In *State, ex rel. Selected Properties, Inc.* v. *Gottfried*, 163 Ohio St., 469, at page 470, 127 N. E. (2d), 371, it is stated:

"It is agreed that the legislative branch of government may confer on an administrative officer or body certain discretion in order to carry out the policy of the law in specific cases, provided the legislative enactment defines the policy of the law and contains sufficient criteria and standards to guide the administrative officer or tribunal in the exercise of its limited discretion. If the legislative enactment fails to define the policy of the law or does not contain sufficient criteria or standards to guide the administrative officer or tribunal in the exercise of the discretion vested in it, such enactment is invalid."

Another case that is pertinent to our discussion is *Northern Boiler Co.* v. *David*, 157 Ohio St., 564, 106 N. E. (2d), 620. It is stated at page 570:

"It is well established by prior decisions of this court that such a delegation of power to any subordinate is unlawful unless as a part of such power standards are established by which such power is to be exercised. An uncontrolled discretion has invariably been held to be a delegation of legislative power. * * * ,,

Other cases that bear on this subject are:

*American Cancer Society* v. *City of Dayton,* 160 Ohio St., 114, 114 N. E. (2d), 219; *City of Cleveland* v. *Baker,* 83 Ohio Law Abs., 502, 167 N. E. (2d), 119; *State, ex rel. Ohio Oil Co.* v. *City of Defiance,* 99 Ohio App., 398, 133 N. E. (2d), 392; and *Ferguson* v. *City of Columbus,* 70 Ohio Law Abs., 277, 128 N. E. (2d), 198.

In McQuillin, "Municipal Corporations," 3rd Ed., Vol. 5, Sec. 18.12, it is stated:

"An ordinance must, irrespective of express power to enact it, provide a uniform rule of action; it must contain permanent legal provisions, operating generally and impartially, and its enforcement cannot be left to the will or unregulated discretion of any municipal authority, officer or officers. Arbitrary powers conferred upon officers cannot be sustained. Indeed, it is elementary that it is only when the normal (sic) or standard for discretionary action under an ordinance is clearly set down that the ordinance can be enforced generally and impartially. Obviously, an ordinance lacking requisite uniformity cannot be sustained on the theory that city officers will enforce it fairly; it does not deserve to be called an ordinance at all when it is elastic in its provisions to the extent that it lacks requisite uniformity, especially if it is penal in character. "* * *

"This rule that municipal legislation must prescribe a standard or norm governing its enforcement and the exercise of any discretion invested in municipal officers with respect to its enforcement is justified by, if it is not a corollary of, the rule that a municipal legislative body cannot delegate its legislative power. In other words, a public duty which the legislature has confided to the judgment or discretion of the lawmaking power of a municipality cannot be delegated by the latter to the judgment or discretion of one constituent element of that power, or to the judgment or discretion of others."

Since the ordinance in question is bereft of any standards of guidance and is coupled with an unabridged discretion of the Safety Committee of Council to ignore the provisions of the ordinance, it is our determination that the city ordinance constitutes an unlawful delegation of legislative power and therefore is unconstitutional and void.

As to Assignment of Error No. 1, it must follow that since we have determined that the ordinance is unconstitutional, the affidavit must fail since it does not embody facts which would give rise to an offense.

Moreover, in the absence of our determination of unconstitutionality, the affidavit would fail since the facts embodied therein did not constitute a charge under the ordinance. Furthermore, in this instance a plea of "not guilty" would not constitute a waiver. We recognize that the exact words of the ordinance need not be set out in the affidavit. See, *State* v. *Childers*, 133 Ohio St., 508, 14 N. E. (2d), 767. In *State* v. *Cimpritz*, 158 Ohio St., 490, 110 N. E. (2d), 416, syllabus 3 reads as follows:

"If any material element or ingredient of an offense, as defined by statute, is omitted from an indictment, such omission is fatal to the validity of the indictment."

In the affidavit before us, the only fact alleged is that the defendant-appellant refused to erect a fence. It was not alleged that the defendant-appellant was owner, operator or tenant of the premises, nor was it alleged that the Safety Director issued a written order to erect the fence, nor was it alleged that a thirty day written notice was given to comply with such order. Therefore, it is our determination that sufficient facts were not alleged to constitute an offense under the ordinance.

As to Assignment of Error No. 2, it is our determination that the trial court erred in viewing the premises without the accused in attendance as required by Section 2945.16, Revised Code, but we do not deem it prejudicial to the rights of defendant-appellant.

As to Assignment of Error No. 4, it is our determination that the trial court did not err in the exclusion of Stipulations Nos. 16, 17, 18 and 20 from evidence.

As to Assignment of Error No. 5, it is our determination that the finding of unconstitutionality of the ordinance in question is dispositive of this assignment of error.

The judgment is reversed and final judgment is entered for the defendant-appellant.

Exceptions. Order see journal.

KOVACHY, P. J., and CORRIGAN, J., concur.