BILL KVASNIKOFF, Appellant,

v.

WEAVER BROS., INC., Appellee.

No. 533.

Supreme Court of Alaska.

Sept. 17, 1965.

Robert M. Libbey, Kay & Miller, Anchorage, for appellant.

Robert C. Erwin, Hughes, Thorsness & Lowe, Anchorage, for appellee.

DIMOND, Justice.

Appellant was the consignee and appellee, the connecting carrier in Alaska, for an

interstate shipment of a boat engine which was damaged in transit. Appellant refused to accept delivery of the engine and brought this action for damages against appellee. The trial court granted appellee's motion for a summary judgment and dismissed the action. Appellant has appealed.

Section 2(b) of the bill of lading under which the shipment was handled provides in part:

As a condition precedent to recovery, claims must be filed in writing with the * * * carrier * * * within nine months after delivery of the property * * * or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. * * *

The question for decision is whether the superior court was correct in granting summary judgment on the grounds that the requirements of section 2(b) of the bill of lading had not been complied with.

The engine had been ordered for appellant by the company he fished for, the Washington Fish & Oyster Company. In the latter part of October 1961 appellant learned that the engine had been damaged. He notified appellee orally, through a third party, that he would not accept the engine. He also discussed the matter with a marine surveyor, McGee, who apparently was acting as a claims adjuster on behalf of appellee. According to appellant, McGee promised him that the matter would be settled.

Appellant concedes that he did not file a formal written claim within nine months as prescribed by the bill of lading. He contends, however, that there has been substantial compliance with the requirement of a written claim by reason of certain correspondence between appellee and Washington Fish & Oyster Company, and from the latter to the Seattle office of the Interstate Commerce Commission.

On October 26, 1961 a telegram was sent to W. C. Hingston of Washington Fish & Oyster Company, at Seattle, by Robert Marquiss, appellee's representative in Fairbanks, Alaska. The telegram read:

CHECKED WITH OUR ANCHORAGE OFFICE MR. KVASNIKOFF DOESN'T WANT MOTOR EVEN IF FIXED UP HAS OTHER PLANS ADVISE WEAVER BROS INC BOX 319 ROBERT MARQUISS
/S/ ROBERT MARQUISS

Hingston wrote to Marquiss on October 27 stating:

I have written Mr. Kvasnikoff to ascertain his desires on the engine referred to in your wire of October 26th.

Quite likely, I will not be able to give you any definite instructions on this engine until such time as either Mr. Kvasnikoff or myself inspect it in Anchorage. I plan to be in Anchorage on the first and second of December, and if nothing has been completed by then, will contact your office and discuss disposition.

It is too bad that your Anchorage office did not contact Mr. Kvasnikoff when they received the engine and advise him of the hold up.

I hope it will not be necessary for you to return the engine as it is entirely possible that he will refuse to accept, due to late delivery. If at all possible, I think that your Anchorage office should make a strong effort to contact him now, in person, and discuss the matter with him.

This letter was followed by another from Hingston to Marquiss, dated November 1, 1961, and read as follows:

I am now in receipt of a letter from Mr. Kvasnikoff, in which he states that he was advised that he should obtain an Insurance Adjustor to inspect the Ford Diesel consigned to him. Information was such that the pan had been badly dented.

Further, he states that he has never heard from you with regards to this engine and as such, he would now re-

fuse to accept the engine, so I would expect the next best thing to do would be for you to order a replacement from Pacific Marine Supply Company, here in Seattle, and place the disposal of the other one in the hands of your Insurance Carrier.

■ The basis for section 2(b) of the bill of lading is that portion of the Interstate Commerce Act which makes it unlawful for a carrier to provide a shorter period for filing claims than nine months.[1] The United States Supreme Court has ruled that such a provision in a bill of lading requires a written notice of claim. It will not suffice that a carrier had actual knowledge that damage had occurred or that oral notice of a claim for damages was given. Nor may the carrier waive the requirement that a claim be in writing.[2]

■ No particular form of written claim is required. The provision in the bill of lading "is addressed to a practical exigency and it is to be construed in a practical way."[3] The provision is satisfied if the carrier is notified in writing of an intention to claim damages by reason of loss or damage or delay in respect to a particular shipment, so that the carrier may promptly make such investigation as the facts of the case may require.[4]

■ In this case the correspondence that has been referred to fulfills the requirements of a written claim. The two letters from Hingston to appellee's agent, Marquiss, which followed the telegram from Marquiss to Hingston, sufficiently apprised appellee that the boat engine consigned to appellant was damaged in shipment, that appellant had refused to accept it, and that he intended to claim damages for at least the value of a new engine. By reason of this correspondence appellee was alerted to the necessity of and afforded the opportunity to make a prompt and complete investigation of the matter. The fact that the correspondence does not claim damages resulting from appellant being deprived of the use of his boat is not controlling. To meet the requirement of a written claim as called for by the bill of lading, it is not essential that the full extent of damages be determined and stated.[5]

■ Nor is the claim deficient because not made by appellant, the consignee of the shipment. There is authority to the contrary.[6] But we subscribe to the view that the notice of claim provision in the bill of lading is satisfied if the carrier is given authoritative notice in writing that the consignee intends to claim damages, even though none of the writings constituting such notice are made by the consignee.[7]

1. 49 U.S.C.A. § 20(11).

2. Georgia, Fla. & Ala. R.R. v. Blish Milling Co., 241 U.S. 190, 196–198, 36 S.Ct. 541, 60 L.Ed. 948, 952–953 (1916); St. Louis, I. M. & So. R.R. v. Starbird, 243 U.S. 592, 604–606, 37 S.Ct. 462, 61 L.Ed. 917, 925–926 (1917); Chesapeake & O. R.R. v. Martin, 283 U.S. 209, 221–222, 51 S.Ct. 453, 75 L.Ed. 983, 990–991 (1931).

3. Georgia, Fla. & Ala. R.R. v. Blish Milling Co., supra note 2, 241 U.S. at 198, 36 S.Ct. at 545.

4. St. Louis, I. M. & So. R.R. v. Starbird, supra note 2, 243 U.S. at 606, 37 S.Ct. 462; Georgia, Fla. & Ala. R.R. v. Blish Milling Co., supra note 2, 241 U.S. at 196, 36 S.Ct. 541; Thompson v. James G. McCarrick Co., 205 F.2d 897, 901 (5th Cir. 1953); Thayer v. Pacific Elec.

Ry., 55 Cal.2d 430, 11 Cal.Rptr. 560, 360 P.2d 56, 60, cert. denied, 368 U.S. 826, 82 S.Ct. 44, L.Ed.2d 29 (1961).

5. Thompson v. James G. McCarrick Co., 205 F.2d 897, 901 (5th Cir. 1953); Loveless v. Universal Carloading & Distrib. Co., 225 F.2d 637, 641 (10th Cir. 1955).

6. Delphi Frosted Foods Corp. v. Illinois Cent. R.R., 188 F.2d 343, 345 (6th Cir. 1951).

7. Thayer v. Pacific Elec. Ry., 55 Cal.2d 430, 11 Cal.Rptr. 560, 360 P.2d 56, 62, cert. denied, 368 U.S. 826, 82 S.Ct. 44, 7 L.Ed.2d 29 (1961); Denver-Chicago Trucking Co. v. Republic Drug Co., 134 Colo. 461, 306 P.2d 1076, 1079 (1957). See Delaware, L. & W. R.R. v. United States, 123 F.Supp. 579, 582 (S.D.N.Y. 1954).

The notice given here was authoritative because Washington Fish & Oyster Company had a legitimate interest in the shipment. According to appellant's deposition, the Company had ordered the boat engine for him and had arranged to pay for it by charging the cost against moneys due him from fishing. The Company's interest in the matter was recognized by appellee when the latter's agent wired the Company's representative on October 26, 1961 regarding appellant's refusal to accept delivery of the damaged engine.

■ This matter was decided by the court below on appellee's motion for summary judgment. Appellee had supported its motion with affidavits stating that no claim for damages had been filed in accordance with the requirement of the bill of lading. In opposition to the motion, there was filed the affidavit of appellant's counsel, Robert Libbey. In substance, Libbey stated "on information and belief" that the letters written by Washington Fish & Oyster Company were sent and that the telegram from appellee to the Company was received. Copies of the telegram and letters were attached to Libbey's affidavit.

Appellee contends that the correspondence referred to may not be considered in determining whether a written claim was filed because such correspondence was identified by an affidavit made upon information and belief, rather than upon personal knowledge as required by Civil Rule 56(e).[8]

It is true that Libbey's affidavit did not comply with the rule. He did not claim personal knowledge of the correspondence, and copies of the telegram and letters attached to his affidavit were unauthenticated. But the record does not show that the affidavit was objected to or that the authenticity of the telegram and letters was disputed by appellee. Therefore, the trial court could properly have considered this correspondence in determining the motion for summary judgment.[9]

We hold that the condition in the bill of lading as to filing a claim in writing was complied with, and that it was error for the court below to grant summary judgment for appellee. The judgment is reversed and the case remanded for further proceedings consistent with the views expressed in this opinion.

8. As to the form of affidavits to be used in regard to summary judgment motions, Civ.R. 56(e) provides in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312, 1317 (1950); Hoston v. J. R. Watkins Co., 300 F.2d 869, 870 (9th Cir. 1962); Jameson v. Jameson, 85 U.S.App.D.C. 176, 176 F.2d 58, 60 (1949).

9. Mitchell v. Dooley Bros., Inc., 286 F.2d 40, 42 (1st Cir. 1960), cert. denied, 366 U.S. 911, 81 S.Ct. 1086, 6 L.Ed.2d 236 (1961); 6 Moore, Federal Practice § 56.-22, at 2335 (2d ed. 1953).