Mr. Justice Day
delivered the opinion of the Court.
This is a special statutory proceeding which provides for summary review and final adjudication by the Supreme Court in municipal election controversies. The procedures appertaining thereto are set out in the Municipal Election Code, 1965 Perm. Supp. C.R.S. 49-25-135 and 136.
The petition was filed in the district court of Summit County by petitioner, Wilson C. Birkenmayer. He alleged that he was a duly nominated candidate for the office of trustee of the Town of Dillon, and just prior to the date of the election he became apprised of the *461 fact that the town clerk failed to include his name among the candidates for the office in the public notice of election certified by the town clerk in a newspaper in Summit County, Colorado. He petitioned the district court for an order directed to June Carter, the town clerk of Dillon, to show cause why Birkenmayer’s name had not been listed among the nominated candidates and why his name should not be included by the town clerk on the municipal election ballot prepared for the anticipated election.
At a hearing on the petition and the show cause order issued thereon, the district court dismissed the action on the ground that it had no jurisdiction of the controversy.
The decision of the district court was plainly erroneous. The petition was correctly filed, in strict conformance with sections 49-25-135 and 49-25-136, which read as follows:
“49-25-135. Controversies.— (1) Whenever any controversy shall arise between any official charged with any duty or function under this article and any candidate or other person, the district court, upon the filing of a verified petition by any such official or persons setting forth in concise form the nature of the controversy and the relief sought, shall issue an order commanding the respondent in such petition to appear before the court and answer under oath to such petition. It shall be the duty of the court to summarily hear and dispose of any such issues, with a view to obtaining a substantial compliance with the provisions of this article by the parties to such controversy, and to make and enter orders and judgments, and issue the writ of process of such court to enforce all such orders and judgments.
“(2) Such proceedings may be reviewed and finally adjudicated by the supreme court of the state, if application to such court is made within five days after the termination thereof by the court in which the petition was filed, if the supreme court shall be willing to assume jurisdiction of the case.” (Emphasis added.) *462 “49-25-136. Correction of errors.— (1) The Clerk shall, on his own motion, correct without delay any error in publication or sample or official ballots which he may discover or which are brought to his attention and which can be corrected without interfering with the timely distribution of the ballots.
“(2) Whenever it shall appear by verified petition of a candidate or his agent to the district court that an error or omission has occurred in the publication of the names or description of the candidates, or in the printing of the sample or official ballots, which has not been corrected by the clerk, the court shall issue an order requiring the clerk to forthwith correct such error, or to forthwith show cause why such error should not be corrected. Costs, including a reasonable attorney’s fee, may be taxed in the discretion of such court against either party.” (Emphasis added.)
A cursory reading of the statute reveals that not onxy is there no ambiguity therein but on the contrary the explicit language of the statute names the district court as the forum in which such petitions are to be filed.
Apparently the trial court was misled by what appears to be a conflict in jurisdiction conferred on the county court by virtue of 1965 Perm. Supp., 49-25-24, pertaining to “Objections to nominations.” Whatever conflict of jurisdiction appears to exist in the section in connection with rulings on “objections to nominating petitions,” this action was not brought pursuant to section 49-25-24. From the face of the petition it appears that this was a controversy between the candidate and the “official charged with any duty or function” in the particular election as set forth in 49-25-135; and also, that the petitioner sought to correct errors in the publication of the names and descriptions of the candidates as provided in section 49-25-136.
Because the municipal election was held on April 2d and persons elected on that date are now in office, *463 it appears that no remedy is afforded the petitioner in this case in connection with the election. Nevertheless, because of the possibility of recurring errors, either in the same district court or in other courts, we consider the matter of public importance — not moot as to the interpretation of the statute — and render this final adjudication for the further guidance of election officials and the tribunals charged with the responsibility of reviewing municipal election proceedings.
Accordingly, we hold that the district court erred in dismissing the action on the ground that it had no jurisdiction of the present controversy.
Judgment reversed.
Mr. Justice McWilliams not participating.