THE STATE OF OHIO, APPELLEE, *v.* KENMORE DEMOLITION CO., INC., APPELLANT.

(No. 3989—Decided November 27, 1972.)

*Mr. Dennis J. Turner,* for appellee.
*Messrs. Talbot & Ducker,* for appellant.

KERNS, J. The defendant, Kenmore Demolition Co., Inc., appellant herein, was tried in the First District County Court of Montgomery County "for the dumping of refuse or waste matter" in violation of Article 29 of the Madison Township zoning ordinances. Kenmore was found guilty of the charge and fined $100. From the judgment and sentence so entered, the company has appealed to this court.

The applicable ordinance reads, in pertinent part, as follows:

"Dumping of refuse or waste matter and the burning of such in existing excavations or quarries shall be prohibited * * *."

If the "burning of such" is an essential element of the charge, the affidavit is fatally defective, and the proof submitted by the state is inadequate. See, *State* v. *Cimpritz,* 158 Ohio St. 490; *State* v. *Latham,* 120 Ohio App. 176; *City of Garfield Hgts.* v. *Sand,* 120 Ohio App. 1; *State* v. *Presler,* 112 Ohio App. 437.

Hence, the determinative issue in the case is whether dumping and burning are distinct offenses within the intendment of the ordinance, or whether the two acts are merely elements of a single crime.

In this regard, Kenmore argues that the conjunction "and" in the resolution must be applied literally, and in so doing, it alludes to the fundamental rule requiring that a penal ordinance be applied strictly against the state and in favor of the accused. *City of Cleveland* v. *Jorski*, 142 Ohio St. 529; *City of Mentor* v. *Giordano*, 9 Ohio St. 2d 140; *Leet* v. *City of Eastgate*, 7 Ohio App. 2d 218.

On the other hand, the state argues that the manifest intent of the ordinance was to create separate offenses, and in support of this proposition, the appellee refers to R. C. 1.02(H) which provides that "and" may be read "or" if the sense of the enactment requires it. See, *City of Toledo* v. *Bernoir*, 18 Ohio St. 2d 94; 50 Ohio Jurisprudence 2d 184, Statutes, Section 208.

In our opinion, the construction placed upon the ordinance by the appellee is more consonant with reason. Otherwise, its penal provision is impotent because one could accomplish the dumping while another burned the waste, and both could escape criminal liability.

Furthermore, if the ordinance contemplated both dumping and burning in order to constitute an offense, as suggested by the defendant, the reference to "dumping" is mere surplusage because it is obvious that there could be no burning of the refuse or waste matter without the initial dumping of the material into the excavations or quarries. Since the act of burning, without further elucidation, necessarily embraces the act of dumping, the lawmaking body must have anticipated some dual purpose when it specifically included both acts in the language of the ordinance.

We are of the opinion that the affidavit states an offense, and the evidence being sufficient to sustain the charge, the judgment of the county court will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.