JOHN S. PICKETT, Judge ad hoc.
This suit was instituted by the plaintiff, Anthony P. Acosta, d/b/a Southern States School Supply, to recover the sum of $496-78 from defendant, Saia Motor Freight Lines, Inc., allegedly due the plaintiff, as the replacement value of certain school supplies damaged because of defendant’s negligence, and to recover freight charges paid for shipment of the damaged merchandise. The defendant answered with a general denial of liability. From a judgment in favor of the plaintiff, the defendant has appealed devolutively.
For a cause of action the plaintiff alleges that defendant, a common carrier, delivered certain merchandise to St. Peters Church and Riverside Academy in Reserve, Louisiana, on September 25, 1970, and to St. Martin Parish School Board on September 23, 1970; and that parts of each shipment were damaged through the negligence of defendant, and subsequently had to be replaced by plaintiff at a cost of $346.50. The defendant further alleged that in order to replace the damaged merchandise he had to pay $125.28 in additional freight bills, and the further sum of $25.00 for telephone bills in connection therewith.
The record shows, without serious contradiction, that the merchandise was received by plaintiff’s consignees in a damaged condition as alleged. The evidence shows the plaintiff replaced the damaged merchandise at a replacement cost of $346.-50, with an additional freight charge of $125.28. It is not disputed that plaintiff incurred telephone expenses in the sum of $25.00 in connection with his efforts to adjust his claim. The lower court was fully satisfied with the proof of plaintiff’s claim. In his reasons for judgment, the trial court said he was convinced the merchandise was damaged in transit, as alleged by plaintiff; and he said:
“I believe from all of the evidence that has been introduced, I would say without the rebuttal on the part of the defendant, to the testimony that this was damaged in transit, and was received in a damaged condition, as far as the preponderance is concerned, the court is satisfied that the testimony of preponderance is in favor of the plaintiff in this case.”
It is the settled jurisprudence of this State that conclusions of the trial court with respect to factual findings and the credibility of witnesses are entitled to great weight and should not be reversed on appeal in the absence of manifest error. Readco Industries, Inc. v. Myrmax Specialties, Inc. et al., La.App., 236 So.2d 573. We find no manifest error in the conclusion of the trial court that the merchandsie was damaged in transit, and that plaintiff proved the correctness of his claim.
In fact the defendant-appellant does not seriously contend that the plaintiff should not be paid the amount of his claim, if he had timely filed his claim. The defendant relies on the provisions of 49 U.S. C.A. Interstate Commerce Act, Section 20, Paragraphs 11 and 12, together with 49 U.S.C.A., Section 413. Counsel for the defendant argues that the plaintiff did not file his claim within nine months, and for that reason is estopped to assert his claim. On the other hand, plaintiff contends that defendant had notice of his claim, and that any failure to file a claim on the defendant’s forms, was due to the evasive and dilatory tactics of the defendant. The evidence shows that the plaintiff did give notice of his claim in writing to defendant in the following manner:
By notice addressed to defendant October 16, 1970, the plaintiff requested defendant to inspect five damaged file cabinets, included on defendant’s freight bill *645 #3-478749, at the Riverside Academy in Reserve, Louisiana.
On October 13, 1970, the plaintiff addressed a notice to defendant in which it was advised that merchandise delivered on its freight bill #3 — 478750 to St. Peters Church in Reserve, Louisiana, was damaged.
In a lengthy letter dated February 8, 1971, addressed to Mr. Jesse L. Ayers, Freight Claim Agent, Saia Motor Freight Lines, Inc., Houma, Louisiana, the plaintiff specifically pointed out when and where the damaged merchandise was located and asked the defendant to inspect the merchandise. In the same letter, plaintiff called the defendant’s attention to the damaged merchandise shipped to St. Martin Parish School Board at Houma, Louisiana, as well as the shipments to Reserve, Louisiana.
The record shows numerous efforts made by the plaintiff to induce the defendant to inspect the damaged merchandise, without avail. Some of the plaintiff’s efforts to secure an inspection of the damaged merchandise and to obtain defendant’s forms on which to make a formal claim for his loss were by telephone, and some of his requests were in writing. Mr. Jesse L. Ayers, the defendant’s Freight Claim Agent, in a letter dated February 17, 1971, acknowledged receipt of the plaintiff’s written notice of his claim and supporting information. He advised the plaintiff he would have inspection reports mailed to him. But the record fails to show that this was done.
In Loveless v. Universal Carloading & Distributing Co., C.A. 10, 225 F.2d 637, the court held that where a bill of lading which provided that as a condition precedent to recovery, claims must be filed in writing with carrier within nine months after delivery of the property, the writing need not be in any particular form, but is sufficient if it apprises the carrier that damage has occurred for which reparations are expected. To the same effect, see Insurance Company of North America v. Newtown Mfg. Co., C.A. 1, 187 F.2d 675. In Kvasnikoff v. Weaver Bros., Inc., Alaska, 405 P.2d 781, the court held that claims for damages in respect to shipments in interstate commerce requires no particular form of written claim if the writing apprises the carrier of intention to claim damages, so that the carrier may make such investigation as the facts of the case may require.
We believe, as did the trial judge, that the defendant had ample notice that the merchandise had been received in a damaged condition. The defendant was given copies of the delivery receipts, and the waybill numbers identifying the damaged merchandise.
Hence, for the reasons assigned, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.