REQUESTED BY: Robert L. Tagg, Executive Director, Nebraska Commission on Law Enforcement and Criminal Justice, Lincoln, Nebraska
May the Commission waive the requirements that an applicant must be at least 21 years old before being admitted to the Nebraska Law Enforcement Training Center upon a finding that it is in `the public interest' to make such a waiver?
No, not without the other findings required by Neb.Rev.Stat. § 81-1411 (Reissue 1981).
Neb.Rev.Stat. § 81-1410 (Reissue 1981) sets forth a number of specific requirements for admission to the Nebraska Law Enforcement Training Center. One of these requirements is that the applicant must be at least 21 years old.
Neb.Rev.Stat. § 81-1411 (Reissue 1981) provides that the Nebraska Commission on Law Enforcement and Criminal Justice may waive any or all of the admission requirements of 81-1410
when certain conditions have been met. Basically 81-1411
says that, when requested to do so by a sheriff, chief of police or equivalent officer, the Commission may
waive any or all of the admission requirements of § 81-1410
upon a finding that:
 (1) The shortage of individuals meeting the requirements of section 81-1410 is such that a failure to waive such requirements will result in an inability of a police agency to recruit law enforcement officers;
 (2) The pay scale and other working conditions of such police agency are commensurate with the pay scale and working conditions of police agencies of other jurisdictions of comparable size and economic circumstances; and
(3) It is in the public interest to waive such requirements.
(Emphasis supplied.)
The use of the word `and' in the list of conditions that must be found to exist before there can be any waiver of the § 81-1410 requirements clearly indicates that all three conditions must be met. Simply finding one such condition (e.g., `public interest') is not sufficient to justify waiver of the age requirement.
The word `and' is a conjunction connecting words or phrases `expressing the idea that the latter is to be added to or taken along with the first. . . . Added to, together with, joined with. . . As well as.' Black's Law Dictionary (4th ed. 1968), p. 112. Sometimes the word `and' can be construed as meaning `or' as well. See, Rapid Film Service,Inc. v. Bee Line Motor Freight, 181 Neb. 1, 5,146 N.W.2d 563 (1966). However, this may only take place where the context requires it in order to make sense out of the language used and to give effect to the legislative intent. See,e.g., State v. Kenmore Demolition Co., 34 Ohio App.2d 19,295 N.E.2d 416, 417 (1972); Denver-Chicago Trucking Co. v.Republic Drug Co., 134 Colo. 461, 306 P.2d 1076, 1078
(1957).
In the context of § 81-1411 it does not appear that changing `and' to `or' is necessary to understand the meaning of the statute or to give effect to legislative intent. In fact, reading `and' as `or' would result in confusing the statutory scheme. Obviously subsections (1) and (2) of 81-1411
are tied together in the sense that both conditions must be met before waiver of the admission requirements can be considered. But changing `and' to `or' within the statute would seem to separate these two requirements and make the fulfilling of either of them sufficient to justify waiver. This, of course, makes no sense.
While subsection (3) need not necessarily be tied to the first two subsections, the use of the word `and' certainly indicates that it is. In other words, the Commission must find that the first two conditions exist and that it is in the public interest before it can waive any of the admission requirements of § 81-1410. Had the Legislature intended to give the Commission the authority to waive the admission requirements upon a finding of `public interest' only, it would have put an `and' between subsections (1) and (2) and an `or' between subsections (2) and (3).
As § 81-1411 is now written, the Commission must find that all three conditions exist before it can waive the 21 year age requirement. We note that this interpretation does not conflict with Title 79, Ch. 8, sec. 005 of the Commission's rules and regulations.
Very truly yours,
A. EUGENE CRUMP Deputy Attorney General
Charles E. Lowe Assistant Attorney General
APPROVED:
A. Eugene Crump Deputy Attorney General