ENGLEWOOD POLICE BENEFIT AS-
SOCIATION, FRATERNAL ORDER
OF POLICE LODGE # 22, Plaintiff–
Appellee,

v.

CITY OF ENGLEWOOD and Election
Commission of the City of
Englewood, Defendants–Appellants.

No. 89CA1834.

Court of Appeals of Colorado,
Div. A.

Dec. 20, 1990.

Rehearing Denied Feb. 14, 1991.

Certiorari Denied June 10, 1991.

Brauer, Buescher, Valentine, Gold-
hammer & Kelman, P.C., Thomas B.
Buescher, Denver, for plaintiff-appellee.

Rich DeWitt, City Atty., Olsen and
Brown, John R. Olsen, Englewood, for de-
fendants-appellants.

Opinion by Chief Judge STERNBERG.

In this appeal from the summary judg-
ment entered in favor of the plaintiff, En-
glewood Police Benefit Association
(EPBA), the determinative issue is whether
defendant City of Englewood (Englewood)
may hold a special election on the same day
as a municipal general election. The trial
court held that Englewood's home rule
charter prevented Englewood from holding
the two types of elections on the same day.
We reverse.

Englewood is a home rule city organized
pursuant to Colo. Const. art. XX, § 6, and
operating under a charter adopted by its
citizens. The EPBA is a certified employee
organization subject to Englewood's char-
ter. The EPBA and Englewood were par-
ties to a collective bargaining agreement
which was reopened for negotiations. Dur-
ing the negotiations the parties reached an
impasse.

Englewood City Charter art. XV, § 137,
contains an impasse resolution provision
which provides that each party to an im-

passe must submit an impasse statement to the Englewood Career Service Board (Board) setting forth that party's final offer. The Board then conducts a hearing and renders a decision on the issues in dispute. One who is dissatisfied with this decision may file a written notice of dissatisfaction with the city council. The council then has 30 days to call a special election to resolve the impasse.

Englewood and the EPBA submitted impasse statements to the Board, which subsequently issued a decision. Because the EPBA was dissatisfied with a portion of the Board's decision, it filed a notice of dissatisfaction with the City Council. The City Council then passed a resolution whereby the impasse resolution special election was to be held on the same day as a general election.

Claiming, among other things, that Englewood's charter did not permit the two elections to be held on the same day, the EPBA filed this action. The EPBA sought a declaration that Englewood's charter prohibited Englewood from holding a special election on the same day as a general election. The trial court granted summary judgment in favor of the EPBA.

■ At the outset we note that Englewood conducted the special election prior to this appeal, and thus, the issue appears to be moot. However, in our view, this case is properly reviewable because it involves a question of great public concern and is of a potentially recurring nature. *See Bestway Disposal v. Public Utilities Commission,* 184 Colo. 428, 520 P.2d 1039 (1974). *See also Birkenmayer v. Carter,* 165 Colo. 459, 439 P.2d 991 (1968). Thus, we address the issue presented as guidance for the election officials and tribunals which review municipal election proceedings in the future.

■ Englewood's home rule charter is its controlling law on matters of local concern. *See Conrad v. Thornton,* 191 Colo. 444, 553 P.2d 822 (1976). A municipal election is a matter of local concern over which a home rule city has plenary power. *See* Colo. Const. art. XX, § 6(d); *Gosliner v. Denver Election Commission,* 191 Colo. 328, 552 P.2d 1010 (1976). Therefore, we

must look to Englewood's charter to determine whether it permits Englewood to hold a special election on the same day as a general election.

Englewood City Charter art. II, § 134, provides that: "[N]o special election shall be held within forty five (45) days *before or after* a general municipal or state election." (emphasis added) The trial court interpreted the phrase "before or after" as including the day of the general election and, therefore, held that Englewood could not hold the special election on the same day as the general election. We disagree.

■ A charter provision must be interpreted according to its plain meaning. *Glenwood Post v. Glenwood Springs,* 731 P.2d 761 (Colo.App.1986). Clear, plain, and unambiguous provisions of a municipal charter will be applied as written. *Burns v. City Council,* 759 P.2d 748 (Colo.App. 1988).

■ We find the special election provision to be clear and unambiguous. The phrase "before or after" precludes Englewood from holding a special election during the forty five days before the day of a general election, *"or"* during the forty five days *after* the day of a general election. But this phrase does not preclude Englewood from holding the two types of elections on the same day.

This conclusion is consistent with the rule of construction that when "or" is used to connect two phrases, it is interpreted as delineating two alternatives. *See Denver–Chicago Trucking Co. v. Republic Drug Co.,* 134 Colo. 461, 306 P.2d 1076 (1957); *Black's Law Dictionary* 1246 (rev. 4th ed. 1968). Courts will construe "or" to mean "and" when necessary to carry out the plain meaning or intent of the legislature. *Denver–Chicago, supra.* But, here, whether the phrase is interpreted as disjunctive or conjunctive of the two 45-day periods, the result is the same in that the special election provision does not preclude Englewood from holding a special election on the same day as a general election.

Additionally, Englewood City Charter art. II, § 14(3) specifically enumerates three situations in which a special election may not be held on the same day as a general election—when the special election issue pertains to acquiring land, merging with other cities, or issuing general obligation bonds. If Englewood had intended to prevent any special election or impasse resolution election from being held on the same day as a general election, it would have specified such exception in a similar manner.

Finally, we deem it significant that in *Englewood v. Save the Park Ass'n*, 155 Colo. 548, 395 P.2d 999 (1964), the supreme court dissolved a temporary injunction which the trial court had issued, and ordered Englewood to proceed with a special election on the same day as a general election. The issue in *Save the Park* was not whether the two types of elections could be held on the same day and a different charter provision was involved; however, the case exemplifies the fact that the practice is neither new nor novel. In fact, it should be encouraged to limit duplicative and wasteful election procedures.

Therefore, we hold that Englewood's home rule charter does not prohibit Englewood from holding a special election concerning an impasse resolution on the same day and at the same time as a general election.

We have considered the remaining contentions of error and find them to be without merit.

The judgment is reversed.

NEY and DAVIDSON, JJ., concur.