## No. 21483.

THE CITY OF ENGLEWOOD, ET AL., *v.*
SAVE THE PARK ASSOCIATION, INC., ET AL.
(395 P.2d 999)

Decided October 21, 1964

Mr. JOSEPH W. ESCH, Messrs. MYRICK, SMITH, CRIS-WELL and BRANNEY, for plaintiffs in error The City of Englewood, a Municipal corporation; The City Council and George H. Allen, H. R. Braun, Donald G. Fullerton, William B. Hanson, John C. Kreiling, and Tymer Rice, as Councilmen, City of Englewood; Samuel L. Love, as

Mayor and Councilman, City of Englewood; Stanley H. Dial, as City Manager, City of Englewood; Beryl Wallace, as City Building Inspector and/or Zoning Administrator, City of Englewood; Dorothy J. Romans, as City Planning Director and/or Zoning Administrator, City of Englewood.

Messrs. HOLME, ROBERTS, MORE & OWEN, Mr. DONALD C. McKINLAY, Mr. RICHARD L. SCHREPFERMAN, Mr. RICHARD P. MATSCH, for plaintiff in error New Englewood Company.

Messrs. GALLIGAN and FOLEY, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS writ of error is directed to a preliminary injunction issued by the District Court of Arapahoe County enjoining the holding of a special municipal election called for November 3, 1964, in conjunction with the general election.

The defendants in error were plaintiffs below, and by their suit, which is still pending, they seek on several fronts to prevent the City of Englewood and its officials —plaintiffs in error—from converting property heretofore dedicated for park purposes into a shopping center. We do not in this decision express any opinion on the merits of the issues still to be tried.

There is only one question before this Court: *Is the proposed special election on November 3, 1964, prohibited by virtue of the Englewood City Charter provisions governing special elections under the Municipal Initiative and Referendum process (Article VI, sections 45 through 48, of the Home Rule Charter of the City of Englewood)?*

We answer the question in the negative and hold that the election may proceed.

The matters to be decided at the coming November 3rd special election are before the Englewood voters by virtue of the referendum process reserved to the Englewood residents in their Home Rule Charter, viz. Article VI. Under section 47 thereof, ten percent of the registered voters filed a protest with City Council against an ordinance seeking to zone for commercial development land previously dedicated as a city park. On the filing of such a protest, Council is required to submit the ordinance to the qualified electors for ratification or rejection. The portion of section 46, in Article VI, of the Charter sought to be invoked provides, "* * * Not more than one special election *under this Article* shall be held in any twelve months. Special elections during said period held *under other Articles of this Charter* shall not be counted." (Emphasis supplied.)

Plaintiffs in seeking to halt the election contend that when on April 7, 1964, there was an election on the question of authorizing the City to dispose of this same park land, the provisions of section 46, quoted above, now prevent the City from setting a date for the zoning election any time prior to April 7, 1965. With this contention we do not agree.

The election held on April 7, 1964, was not pursuant to Article VI, but was mandatory by reason of another charter provision in Article IX, section 72, which states: "* * * Neither lands granted to, purchased, or used by the City for park purposes, * * * shall be sold or conveyed without majority vote of the people * * *." By the language "Special elections during said period *held under other Articles of this Charter shall not be counted,*" the April 7, 1964, election is plainly excluded and cannot be counted.

The charter in many other sections provides for elections on bond issues, recall, water rights, etc., as well as the question of the sale of park lands. All of these

were intended by the framers of the charter not to be counted in determining whether more than one election is being held in the twelve months period under the Initiative and Referendum provision. *Clough v. Colorado Springs*, 70 Colo. 87, 197 Pac. 896, is squarely in point on the question involved.

The order of the trial court is reversed and the temporary injunction granted therein is dissolved forthwith. Petition for rehearing, if presented, must be filed on or before 5 P.M. on October 26, 1964.

Pursuant to Rule 118(c), Colo. R.C.P. it is directed that neither during the time allowed for filing said petition nor during any period following the filing thereof, if filed, shall the effect of our order be suspended.