No. 23933.

GEORGE H. BROOKS, R. C. HUSMAN, MARY L. WILKINSON, RICHARD A. PERCHLIK, AND CARLOS LEAL, JR., AKA CHARLIE LEAL, JR. *v.* DOROTHY M. ZABKA, GEORGE W. HALL, THOMAS A. RAPP, JR., JAMES P. RUCKER, JR., L. WAYNE WELLS, CHARLES A. GREGORY, AND HAROLD L. HYDE, INDIVIDUALLY AND AS MEMBERS OF THE CITY COUNCIL OF GREELEY, COLORADO, BARTON BUSS, INDIVIDUALLY AND AS CITY CLERK OF THE CITY OF GREELEY, COLORADO, AND THE CITY OF GREELEY, A MUNICIPAL CORPORATION.

(450 P.2d 653)

Decided February 24, 1969.

WILLIAM E. SHADE, for plaintiffs in error.

WILLIAM E. BOHLENDER, for defendants in error.

KENNETH G. BUECHE, amicus curiae.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THE plaintiffs in error, electors of Greeley, Colorado, presented their petition to the city council of Greeley, a home rule city, requesting that a newly-enacted sales tax ordinance (Ordinance No. 34 (1968)) be referred to a vote of the people. Upon the refusal of the city council,

this action was filed in the District Court. The defendants in error filed their answer and moved for summary judgment. After hearing argument on the motion, the trial court found that the provisions of the sales tax ordinance came within the exceptions to the power of referendum, as provided by the *Charter of the City of Greeley* [hereinafter cited as *Greeley Charter*], and therefore entered a summary judgment against the plaintiffs in error.

■ The plaintiffs in error contend here (a) that the *Greeley Charter* does not exempt the sales tax ordinance from the power of referendum; and (b) that if the ordinance is exempted from referendum, then the referendum provisions of the *Greeley Charter* conflict with the referendum provisions of the state constitution, and are therefore void. We hold that the *Greeley Charter* does not exempt the sales tax ordinance from referendum, and we therefore reverse the judgment of the trial court.

I.

■ The *Greeley Charter* provides that:
"* * * [t]he referendum shall apply to all ordinances passed by the Council, except ordinances making the tax levy [and] making the annual appropriation * * *" *Greeley Charter*, art. IX, sec. 9-3.

Thus the people of Greeley reserved to themselves the unqualified power of referendum on all measures passed by the City Council except those specifically set forth in the *Greeley Charter* itself. The unquestioned purpose of the referendum is to expeditiously permit the total and free exercise of the legislative power by the people except in rare instances. Such a reservation of power in the people must be liberally construed in favor of the right of the people to exercise it. Conversely, limitations on the power of referendum must be strictly construed, and should not be extended by either implication or inference. *Burks v. City of Lafayette,* 142 Colo. 61, 349 P.2d 692; *Brownlow v. Wunsch,* 103 Colo. 120, 83 P.2d 775.

■ Defendants in error contend that the phrase ex-

cepting from referendum *"the* tax levy" excepts *any* tax levy, while plaintiffs in error contend it applies only to the property tax mill levy. We hold that the words *"the* tax levy" in the Greeley Charter must, under the rules we have set forth above, refer to the mill levy.

 It is a rule of law well-established that the definite article "the" particularizes the subject which it precedes. It is a word of limitation as opposed to the indefinite or generalizing force of "a" or "an." See *People v. Enlow,* 135 Colo. 249, 310 P.2d 539, and the cases cited therein, for a full discussion of this principle.

In reviewing the *Greeley Charter,* we find that the framers used the phrase "tax levy" as such only where they were referring to the annual property tax, *e.g.,* art. V, sec. 5-14 of the *Greeley Charter,* wherein the City Council is directed to set a tax levy and certify it to the County Commissioners prior to a date set by state law. The tax levy which state law requires to be certified to the Commissioners on a certain date is the mill levy upon taxable property located within the territorial limits of the taxing body. 1967 Perm. Supp. C.R.S. 1963, 137-5-28. And in art. V, sec. 5-15 the framers again use the words *"the* tax levy" to apply to the levy which is certified to the County Commissioners and, as we have pointed out, the mill levy is the only levy so certified. Had the drafters of the *Greeley Charter* intended the exception from referendum to apply to *all* tax levies, they needed only to use words to that effect; and they did, in other sections of the *Greeley Charter,* use descriptive words such as "a," "all" and "other" to describe taxes when they specifically meant to do so. To infer that the framers meant "all" when they said "the" would, in our view, require us to extend by implication the exception to the power of referendum, contrary to the principles of construction relative to the power of referendum we have heretofore announced.

 There is another cogent reason for holding as we do that the exception to the referendum must be con-

fined by its terms to the property tax levy. The ordinances which set the mill tax levy on property simply carry out what has been the recognized taxing scheme for revenue purposes since the beginning of government. Such a levy is the traditional source of revenue for a governmental body and one which the people know and recognize and therefore are willing to except from the referendum power so that the sovereign body may not be unduly hampered by the application of the referendum provisions to such measures. But a sales tax is of an entirely different character. It establishes a new policy and a new scheme of taxation. Again, applying the rules of construction applicable to the power of referendum, we will not extend by implication an exception which takes from the people the right to challenge and reject, if they wish, new schemes or concepts of taxation imposed upon them by their legislative body.

We do not deem *Hunt v. Mayor and Council of Riverside*, 31 Cal.2d 619, 191 P.2d 426, heavily relied on by the defendants in error, to be opposite here. There the constitution broadly exempted from referendum acts "providing for tax levies," and the Charter exempted all ordinances providing for the levying of taxes "mentioned in the article." There the California court held that "all taxes" were mentioned in the article and therefore the occupation tax there in issue was within the exemption. We find no provisions such as were contained in the California legislation present here.

II.

■■■■ Although the point is not strongly argued, there is a suggestion in the briefs that the sales tax ordinance is an ordinance "making the annual appropriation," which is therefore exempted from the referendum. That argument has been foreclosed, however, by the *Greeley Charter's* definition of an appropriation as "an authorization by the Council to expend from public funds a specific maximum sum . . . ." Greeley Charter, art. I, sec. 1-9(b). The sales tax ordinance involved here is

designed to raise revenue, not to provide for expenditures from public funds. See Ordinance No. 34, sec. 60-1 (1968). A sales tax ordinance is the exact antithesis of an appropriation. See *People ex rel. Colorado State Hospital v. Armstrong,* 104 Colo. 238, 90 P.2d 522; *State ex rel. Bonner v. Dixon,* 59 Mont. 58, 195 P. 841; *Heinkel v. Toberman,* 360 Mo. 58, 226 S.W.2d 1012.

Since we hold that the sale tax ordinance is not exempted from the referendum under the terms of the *Greeley Charter* itself, there is no reason to consider the argument of the plaintiffs in error that the referendum provisions of the *Greeley Charter* limit the referendum beyond that required by Article V, sec. 1, of the Colorado constitution, or the argument of the defendants in error and *amicus curiae* that home rule cities may in fact, limit the referendum without regard to Article V, sec. 1.

### III.

Two other points require brief discussion. The defendants in error suggest that, because there was no motion for a new trial filed, this Court should not consider the arguments presented by the plaintiffs in error. A motion for a new trial is not required where judgment is entered after any hearing not involving controverted issues of fact. R.C.P. Colo. 59(h). On a motion for summary judgment where, as here, no factual issue is present, no motion for new trial is necessary.

The defendants in error also point out that an election has been set for August of 1969, pursuant to the express terms of the sales tax ordinance at sec. 60-2. According to their argument, the submission of the ordinance to an earlier referendum would force the council to violate the terms of the *Greeley Charter,* which provides that "[n]ot more than one special election under this Article shall be held in any twelve months." *Greeley Charter,* art. IX, sec. 9-2.

It is necessary only to point out that the August election is not a referendum under the terms of the *Greeley Charter.* Instead, the ordinance provides that

"[t]he question as to whether or not the City of Greeley *shall continue* to provide a portion of its operation revenue, by means of the sales and use tax as provided herein *subsequent to 1969*" (emphasis added) shall be submitted to the electors. On the issue whether the sales tax should be effective during 1969, the electors have been given no voice. We conclude that holding both a referendum election and the election contemplated by the ordinance would not violate article IX of the *Greeley Charter.* See *City of Englewood v. Save the Park Association, Inc.,* 155 Colo. 548, 395 P.2d 999; *Clough v. City of Colorado Springs,* 70 Colo. 87, 197 P. 896.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.