The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
December 19, 2019

## 2019COA185

**No. 18CA2143, *Andrews v. Miller* — Colorado Rules for Magistrates — Functions of District Court Magistrates — Functions in Civil Cases – Consent Necessary — Notice**

In this appeal involving the Colorado Rules for Magistrates, a
division of the court of appeals addresses whether a magistrate had
jurisdiction under C.R.M. 6(c)(2) to rule on a motion to dismiss,
which could be done only with the consent of the parties. The
division holds that because the parties did not have proper notice
under C.R.M. 5(g), they did not consent to the magistrate ruling on
the motion based on their lack of objection. And without the
parties' consent, the magistrate lacked jurisdiction to rule on the
motion under C.R.M. 6(c)(2).

Court of Appeals No. 18CA2143
Chaffee County District Court No. 18CV30032
Honorable Amanda Hunter, Magistrate

Paul Andrews and Terry Andrews,

Plaintiffs-Appellees,

v.

Mark Miller and Interior Living Designs LLC, a Colorado limited liability company,

Defendants-Appellants.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE WEBB
Dunn and Lipinsky, JJ., concur

Announced December 19, 2019

Marquez & Herrick-Stare, LLC, Randall Herrick-Stare, Salida, Colorado, for Plaintiffs-Appellees

Cordova Law Firm, LLP, Zachary D. Cordova, Salida, Colorado, for Defendants-Appellants

¶ 1    This interlocutory appeal arises from a district court magistrate's denial of a motion to dismiss and compel arbitration (the Motion) filed by defendants, Mark Miller and Interior Living Designs LLC (ILD).  It requires us to determine whether the magistrate had jurisdiction under C.R.M. 6(c)(2) to rule on the Motion, which could be done only with the consent of the parties.  The magistrate purported to act with consent based on the lack of any objection to the following statement in a stock order addressing delay reduction (the Delay Reduction Order):

> All parties are hereby notified that a magistrate
> may perform any function in this case, with
> the exception of presiding over a jury trial.
> C.R.M. 3(f)(1)(A)(ii).

¶ 2    We conclude that because this notice did not inform the parties that they were required to consent to any particular function being performed by the magistrate, discussed only what the magistrate "may" do, and did not mention "consent," it was insufficient under C.R.M. 5(g).  We also conclude that because the magistrate did not have the parties' consent, and motions to dismiss are not listed in C.R.M. 6(c)(1), she lacked jurisdiction to rule on the Motion under C.R.M. 6(c)(2).  For these reasons, we

reverse the magistrate's denial of the Motion and remand for further proceedings.

## I. Background

¶ 3 Plaintiffs, Paul and Terry Andrews, entered into a written contract with ILD for floor covering materials, which, according to their complaint, were never fully delivered. The Andrews pleaded claims for civil theft, for breach of contract, and to pierce the corporate veil, making Miller, ILD's president, liable for any judgment obtained against ILD.

¶ 4 After the magistrate entered the Delay Reduction Order,[1] defendants filed the Motion based on an arbitration provision in the contract.[2] After full briefing on the Motion but without holding a hearing, the magistrate denied it, finding that the arbitration provision was "void as against public policy" and "unenforceable." The magistrate's order said that it was "issued with the consent of

---

[1] We express no opinion on the authority of a magistrate to issue such an order, as the result would be the same whether the magistrate lacked this authority or the order did not establish jurisdiction based on consent by silence.
[2] The Motion also argued insufficiency of service of process, which defendants do not raise on appeal.

the parties." Following entry of the Delay Reduction Order, this ruling was the magistrate's only action in the case.

¶ 5    Defendants moved for district court review under C.R.M. 7(a). Citing to the Delay Reduction Order, the magistrate denied the motion. She explained, "The court presides over this case with the consent of the parties" and "any appeal must be taken pursuant to C.R.M. 7(b)" in the court of appeals.[3] Defendants then filed their notice of appeal.

## II. Law and Standard of Review

¶ 6    A district court magistrate has only those powers provided by statute or court rule. *See* § 13-5-201(3), C.R.S. 2019 ("District court magistrates may hear such matters as are determined by rule of the supreme court . . . ."); *see also In re R.G.B.*, 98 P.3d 958, 960 (Colo. App. 2004) (a magistrate is a hearing officer who acts with limited authority). The Colorado Rules for Magistrates set forth the authority of magistrates to perform particular functions in different types of cases. *Heotis v. Colo. Dep't of Educ.*, 2016 COA 6, ¶ 10.

---

[3] As with the magistrate's entry of the Delay Reduction Order, and for the same reason discussed in note 1 above, we express no opinion on the propriety of the magistrate ruling on the motion for district court review.

C.R.M. 6 distinguishes between functions in cases that a magistrate can perform only with the consent of the parties and functions that a magistrate can perform without the parties' consent.

¶ 7      This appeal turns on interpretation of the magistrate rules, which we review de novo. *In re Parental Responsibilities of M.B.-M.*, 252 P.3d 506, 509 (Colo. App. 2011). We interpret all court rules, consistent with principles of statutory construction, looking first to the plain and ordinary meaning of the words used. *Hiner v. Johnson,* 2012 COA 164, ¶ 13. If the language is unambiguous — and we discern no ambiguity in the relevant rules — it must be applied as written. *See FirstBank-Longmont v. Bd. of Equalization,* 990 P.2d 1109, 1112 (Colo. App. 1999).

¶ 8      Where, as here, the facts that inform jurisdiction are undisputed, we also address jurisdiction de novo. *See Jones v. Williams,* 2019 CO 61, ¶ 7. And when called on to interpret or construe a trial court's order, we do so de novo. *Delsas v. Centex Home Equity Co.,* 186 P.3d 141, 145 (Colo. App. 2008).

### III. The Magistrate Lacked Jurisdiction to Decide the Motion Under C.R.M. 6(c)(2) ("Consent Necessary")

#### A. C.R.M. 7(a) is Not Applicable

¶ 9    Initially, defendants argue that the magistrate erred in denying their request for district court review under C.R.M. 7(a) because they did not consent to the case being referred to a magistrate. Although we address consent in detail below, C.R.M. 7(a) does not play any role in this case.

¶ 10    C.R.M. 7(a) "sets out the procedure for review of magistrate's orders and judgments that have been 'entered without consent' of the parties" because consent was not necessary. *People ex rel. Garner v. Garner*, 33 P.3d 1239, 1242 (Colo. App. 2001). Importantly, whether consent is necessary "depends not upon whether the parties actually consented, but upon whether consent is required by rules or statutes to invest a magistrate with authority to act." *Bryan v. Neet*, 85 P.3d 556, 557 (Colo. App. 2003). So, we turn to C.R.M. 6(c)(1)(A)-(G) ("No Consent Necessary").

¶ 11    This rule lists specific functions in civil cases that do not require consent before a magistrate may perform them, such as ruling on discovery matters. Ruling on a motion to dismiss is not

among the functions listed. *See People in Interest of R.J.*, 2019 COA 109, ¶ 8 ("[W]e should presume that the inclusion of certain terms in a rule or statute implies the exclusion of others."); *see also Heotis*, ¶ 18 ("After examining the various categories of cases in C.R.M. 6(c)(1)(A)-(G), we see that a proceeding in which a magistrate could rule on a petition to seal criminal records is not expressly mentioned in any of them.").

¶ 12　Simply put, because ruling on the Motion was a function that could be performed only with consent, C.R.M. 7(a) is inapplicable. Still, defendants' argument that they did not consent to the magistrate performing any functions in this case raises a jurisdictional issue concerning the magistrate's authority to rule on the Motion under C.R.M. 6(c)(2). So, we asked the parties for supplemental briefing on this issue. *See People v. S.X.G.*, 2012 CO 5, ¶ 9 ("Because we must always satisfy ourselves that we have jurisdiction to hear an appeal, we may raise jurisdictional defects sua sponte, regardless of whether the parties have raised the issue.").

¶ 13　Unsurprisingly, the Andrews responded that defendants are deemed to have consented to the magistrate deciding the Motion

because they did not object to the Delay Reduction Order. Defendants concede their lack of objection, but argue that the Delay Reduction Order did not provide sufficient notice under the magistrate rules. We agree with defendants.

### B. The Notice to the Parties Regarding Functions the Magistrate "May" Perform Was Insufficient Under C.R.M. 5(g)

¶ 14 Under C.R.M. 6(f), a "magistrate shall not perform any function for which consent is required . . . unless the oral or written notice complied with [C.R.M.] 5(g)." Under C.R.M. 5(g),

> [f]or any proceeding in which a district court magistrate may perform a function only with consent under C.R.M. 6, the notice — which must be written . . . — *shall* state that all parties *must consent* to *the function* being performed by the magistrate.

(Emphasis added.)

¶ 15 Of course, absent a clear indication of contrary legislative intent, the word "shall" in a statute indicates that the General Assembly intended the listed action to be mandatory. *Colo. Real Estate Comm'n v. Vizzi*, 2019 COA 33, ¶ 27. And the requirement in C.R.M. 5(g) that the notice must inform the parties about the need to consent to a magistrate performing a particular function or functions also makes sense. Without the parties' consent, in a civil

7

case a magistrate lacks jurisdiction to perform functions other than those listed in C.R.M. 6(c)(1)(A)-(G). *See Heotis*, ¶ 18 ("[T]he magistrate could only preside over the proceedings in this case if the parties had consented . . . ."); *see also Feldewerth v. Joint Sch. Dist. 28-J*, 3 P.3d 467, 472 (Colo. App. 1999) ("[I]f the statute makes the type of notice described a jurisdictional prerequisite, a court must enforce the legislative intent.").

¶ 16     The Delay Reduction Order — which told the parties that "a magistrate may perform any function in this case" — fell short of the notice requirement mandated by C.R.M. 5(g) in two ways.

¶ 17     First, the Delay Reduction Order said nothing about the need to consent. In fact, the only mention of consent in it is found in language at the end that says "[c]onsent is not necessary for this order pursuant to C.R.M. 6(c)(1)(E)." This statement is correct only in part. For example, under C.R.M. 6(c)(1)(E), no consent is needed for "disclosure, discovery, and all C.R.C.P. 16 and 16.1 matters." But because the statement said nothing about consent being necessary for the magistrate to perform other functions, much less what those functions were, it was potentially misleading.

8

¶ 18    Second, because the Delay Reduction Order did not identify any particular functions or function, it did not meet the requirement in C.R.M. 5(g) that "all parties must consent to *the function*" that the magistrate may be performing.  (Emphasis added.)  *See Brooks v. Zabka,* 168 Colo. 265, 269, 450 P.2d 653, 655 (1969) ("It is a rule of law well established that the definite article 'the' particularizes the subject which it precedes.  It is a word of limitation as opposed to the indefinite or generalizing force of 'a' or 'an.'").

¶ 19    True, telling the parties that a magistrate "may perform any function" could be read as saying a magistrate has the district court's permission to perform all functions in their case, except for presiding over a jury trial.  *Gandy v. Colo. Dep't of Corr.,* 2012 COA 100, ¶ 32 ("[T]he word 'may' sometimes expresses permission or lack of permission . . . ."); *see Stamp v. Vail Corp.,* 172 P.3d 437, 447 (Colo. 2007) ("When used as an adjective in a statute, the word 'any' means 'all.'").  And this reading would be consistent with C.R.M. 1, which explains that "magistrates may perform functions which judges also perform . . . ."

¶ 20　But this phrase could also be read as merely forewarning the parties about the possibility of a magistrate performing a function to be described in a future notice.  *See People v. Dist. Court*, 953 P.2d 184, 190 (Colo. 1998) ("The use of the word 'may' was intended only to hold open the possibility of a bench trial if the defendant was able to prove that his or her due process rights would be violated by a jury trial."); *Gandy*, ¶ 32 ("[T]he word 'may' sometimes . . . indicates possibility or probability.  When indicating possibility, it is sometimes used where "might" could also be used."); *see also* Black's Law Dictionary 1172 (11th ed. 2019) (defining "may" first and second as "[t]o be permitted to" and "[t]o be a possibility," respectively).  Under this reading, a party would not have known — until the order was issued — that a magistrate was presiding over the Motion.

¶ 21　According to the Andrews, interpreting "may perform" as denoting a mere future possibility would render the language in the Delay Reduction Order purposeless because the court would have to issue a second order requesting consent.  Be that as it may, in our view, a reasonable litigant could read it as forewarning of a potential development in the case.  And because a reasonable

litigant might read the Delay Reduction Order either way, it is ambiguous. *Cf. Carrera v. People*, 2019 CO 83, ¶ 18 ("A statute is ambiguous if it is susceptible to multiple reasonable interpretations."). Given that failure to object can constitute consent, we resolve this ambiguity against the Andrews' interpretation. *Cf. In re S.O.*, 795 P.2d 254, 258 (Colo. 1990) ("[W]e note that the consent/waiver form was . . . clear and unambiguous on its face.").

¶ 22   Still, the Andrews assert that defendants should be deemed to have consented under C.R.M. 3(f)(1)(A)(ii) — which was cited in the Delay Reduction Order — because they were notified of the case being referred to a magistrate and they did not object within fourteen days. To be sure, this rule says that a party is deemed to have consented "to a proceeding before a magistrate" if, as relevant here, the party was provided with "notice of the referral, setting, or hearing of a proceeding before a magistrate" and then the party "failed to file a written objection within 14 days of such notice."

¶ 23   But contrary to the Andrews' argument, nothing in the Delay Reduction Order told the parties that their case *was* being referred to, set with, or heard by a magistrate. *See Heotis*, ¶ 19 ("The

magistrate sent them notice that she would preside over the case unless the parties filed a written objection within fourteen days."). The order said only that a magistrate "*may* perform any function." (Emphasis added.)

¶ 24 More importantly, C.R.M. 3(f)(1)(A)(ii) — part of the definitions rule — defines consent; it does not define notice. Nor, for that matter, does any other section of C.R.M. 3. So, we must look to other magistrate rules to determine what notice is required. *See Marks v. Koch*, 284 P.3d 118, 122 (Colo. App. 2011) (We "read applicable provisions as a whole, harmonizing them if possible." (quoting *Danielson v. Dennis*, 139 P.3d 688, 691 (Colo. 2006))). And for the reasons explained above, the parties never received proper notice under C.R.M. 5(g).

¶ 25 Given all of this, how can a district court give a magistrate jurisdiction to perform functions that require consent, in a way that allows consent to be based on the parties' failure to object? We conclude that the better practice is to provide them with specific notice that either

- their entire case, unless a jury trial is requested, *is* being referred to, *is* being set with, or *will be* heard by a magistrate

— not "may" — and any party who fails to file a written objection within fourteen days shall be deemed to have consented; or

- a magistrate *will* — again, not "may" — be performing a specifically described function or functions in their case that require consent, and any party who fails to file a written objection within seven days[4] of the date of the written notice shall be deemed to have consented.

¶ 26    Providing either form of notice would not put an onerous burden on the district courts, given the significance of consent. After all, a litigant who consents to proceeding before a magistrate forgoes review by a district court judge. But magistrates are not appointed or retained under any constitutional framework, as are district court judges. *See* Colo. Const. art. VI, §§ 24, 25; *see also Haverly Invincible Mining Co. v. Howcutt*, 6 Colo. 574, 575 (1883) ("Our constitution vests the judicial power of the state, except as therein otherwise provided, in certain courts; the constitution and

_____

[4] The magistrate rules do not explain why a shorter deadline of seven days appears in C.R.M. 5(g)(2), versus fourteen days in C.R.M. 3(f)(1)(A)(ii).

statute designate the qualification of the judges who shall hold such courts; also the method of electing or appointing them; how they may be impeached or removed, and how and by whom vacancies in judicial positions shall be filled.").  Instead, magistrates are "subject to the direction and supervision of the chief judge or presiding judge."  C.R.M. 1.

¶ 27     In sum, because the Delay Reduction Order failed to provide proper notice under C.R.M. 5(g), defendants cannot be deemed to have consented to the magistrate ruling on the Motion based on their lack of objection.[5]  Therefore, the magistrate's denial of the Motion is reversed and the case is remanded for further proceedings on the Motion, either before a district court judge or before a magistrate with the consent of the parties after adequate notice.

JUDGE DUNN and JUDGE LIPINSKY concur.

---

[5] Given the deficiencies in the Delay Reduction Order and the absence of any other indication in the record that the Motion would be decided by the magistrate, we are not concerned about sandbagging — where a party knows that a magistrate will be performing a function, but disputes the magistrate's authority to do so only after an unsatisfactory ruling has been made.