484 P.3d 709
Delano M. MEDINA, Plaintiff-Appellant
v.Dean WILLIAMS, Executive Director of the Colorado Department of Corrections, Defendant-Appellee
Supreme Court Case No. 20SA201 Supreme Court of Colorado.
April 19, 2021
Delano M. Medina, pro se, Canon City, Colorado
Attorneys for Defendant-Appellee: Philip J. Weiser, Attorney General, Gregory R. Bueno, Assistant Attorney General, Denver, Colorado
En Banc
PER CURIAM.
¶1 In this direct appeal, Delano Medina seeks review of the dismissal of his habeas corpus petition by a district court magistrate. Because a district court magistrate is authorized to rule on a habeas corpus petition only when the parties consent to proceeding before the magistrate and Medina did not so consent here, we conclude that the dismissal order was entered without authority. Accordingly, we reverse that order, and we remand this case to the district court with instructions to assign the petition to a district court judge for further proceedings.
I. Facts and Procedural History
¶2 Medina, an inmate in the Colorado Department of Corrections, filed a habeas corpus petition in Fremont County District Court challenging the legality of his confinement. After receiving the petition, the Clerk of Court for Fremont County notified Medina that his case had been assigned to a district court magistrate and that consent to the jurisdiction of the magistrate was required. The notice informed Medina that he would be deemed to have consented unless he filed a written objection. Medina timely filed such an objection, but the day he placed his objection in the prison mail system, see C.R.C.P. 5(f), the magistrate, without waiting for the objection period to expire, entered an order dismissing Medina's petition for failing to state a cognizable habeas claim.
¶3 Medina then filed an appeal and an opening brief in this court, see § 13-4-102(1)(e), C.R.S. (2020) (excluding habeas corpus writs from the jurisdiction of the court of appeals), and we asked defendant-appellee, Dean Williams, Executive Director of the Colorado Department of Corrections, to file a response. Williams did so, and in his answer brief, he agreed that, in light of Medina's objection, the magistrate lacked the authority to decide the habeas petition. For the following reasons, we also agree.
II. Analysis ¶4 This case involves the statutes and rules governing district court magistrates. When, as here, the facts are undisputed and the case turns on interpreting legal requirements, we review the district court's dismissal order de novo. Jones v. Williams, 2019 CO 61, ¶ 7, 443 P.3d 56, 59. ¶5 District court magistrates are authorized to "hear such matters as are determined by rule of the supreme court, subject to the provision that no magistrate may preside in any trial by jury." § 13-5-201(3), C.R.S. (2020). The Colorado Rules for Magistrates, in turn, provide a list of civil proceedings in which district court magistrates may act without the consent of the parties. See C.R.M. 6(c)(1). These matters include settlement conferences; default hearings and judgments pursuant to C.R.C.P. 55 ; C.R.C.P. 120 proceedings; hearings as a master under C.R.C.P. 53 ; hearings related to disclosure, discovery, and C.R.C.P. 16 and 16.1 matters; protection order proceedings; and any other function authorized by statute. C.R.M. 6(c)(1) ; see also § 13-17.5-105, C.R.S. (2020) (authorizing magistrates to preside over inmate motions filed in forma pauperis and motions under the rules of procedure to dispose of an inmate's action without the necessity of trial). Consent of the parties is necessary before a district court magistrate may perform any other function in a civil case. C.R.M. 6(c)(2). ¶6 In light of the foregoing, we conclude that consent is necessary for a district court magistrate to hear a habeas corpus case. Habeas corpus is not listed in C.R.M. 6(c)(1) as a type of proceeding that a magistrate may hear without consent. Nor does the Habeas Corpus Act, §§ 13-45-101 to - 119, C.R.S. (2020), expressly authorize district court magistrates to preside over habeas corpus cases.
¶7 When consent is required, the court must provide notice to the parties that their case has been assigned to a magistrate. C.R.M. 6(f). A party is deemed to have consented to proceeding before a magistrate if, among other things, the party does not file a timely written objection to doing so after receiving notice. See C.R.M. 3(f), 5(g). If, however, a party files a timely written objection to proceeding before a magistrate, then the matter must be heard by a district court judge. See C.R.M. 3(f)(1)(A)(ii), 5(g)(2). ¶8 Here, after Medina filed his habeas corpus petition, the court clerk notified him that his case had been assigned to a district court magistrate. Medina then filed a timely written objection, asking that his case be assigned to a district court judge. Without waiting until the objection period had expired, however, and before receiving Medina's timely written objection, the magistrate ruled on Medina's petition, dismissing it for failing to state a cognizable habeas claim.
¶9 In these circumstances, in which consent to proceeding before a magistrate was required and Medina did not consent, we conclude that the district court magistrate did not have the authority to act on Medina's petition. Accordingly, we reverse the dismissal order and remand this case to the district court for further proceedings before a district court judge. See Andrews v. Miller, 2019 COA 185, ¶¶ 1-2, 27, ––– P.3d –––– (reversing a district court magistrate's denial of a motion to dismiss and to compel arbitration because the magistrate had not properly obtained the parties' consent to proceeding before her before ruling on the motion, and thus remanding the case for further proceedings either before a district court judge or before a magistrate with the consent of the parties after adequate notice).
III. Conclusion
¶10 For the foregoing reasons, we reverse the district court's order dismissing Medina's habeas corpus petition, and we remand this case to the district court with instructions that a district court judge consider Medina's petition on its merits.