The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
July 1, 2021

**2021COA88**

**No. 20CA0195, *People in Interest of J.M.M.* — Sex Offender Registration — Juveniles — Petition for Removal from Registry**

As a matter of first impression, a division of the court of appeals considers whether, for purposes of determining a juvenile sex offender's eligibility to file a petition to discontinue sex offender registration, "the successful completion of and discharge from a juvenile sentence or disposition" under section 16-22-113(1)(e), C.R.S. 2020, means that the defendant must have successfully completed his or her original sentence or disposition. The division holds that a juvenile defendant who successfully completed a sentence that was not the defendant's original sentence or disposition has nonetheless successfully completed "a juvenile

sentence or disposition" and, thus, may seek to deregister as a sex offender.

COLORADO COURT OF APPEALS                                    **2021COA88**

Court of Appeals No. 20CA0195
El Paso County District Court No. 99JD2134
Honorable Lin Billings Vela, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

In the Interest of J.M.M.,

Juvenile-Appellee.

ORDER AFFIRMED

Division II
Opinion by JUDGE LIPINSKY
Román and Harris, JJ., concur

Announced July 1, 2021

Daniel H. May, District Attorney, Doyle Baker, Senior Deputy District Attorney,
Tanya A. Karimi, Deputy District Attorney, Colorado Springs, Colorado, for
Plaintiff-Appellant

J.M.M., Pro Se

¶ 1     The meaning of a statute can hinge on the General Assembly's choice of a single word.  In this case, the General Assembly used the indefinite article "a," rather than the definite article "the," in establishing the conditions under which a person who committed a sex-related offense as a juvenile may petition a court to discontinue registration as a sex offender.  We must interpret statutes using the words the General Assembly employed.

¶ 2     Under the Colorado Sex Offender Registration Act (the Act), §§ 16-22-101 to -115, C.R.S. 2020, certain persons convicted of unlawful sexual offenses must register on the state's sex offender registry.  § 16-22-103, C.R.S. 2020.  Section 16-22-103(4) extends the registration requirement to "any person who receives a disposition or is adjudicated a juvenile delinquent based on the commission of any act that may constitute unlawful sexual behavior or who receives a deferred adjudication based on commission of any act that may constitute unlawful sexual behavior . . . ."

¶ 3     In addition, section 16-22-113, C.R.S. 2020, specifies when persons required to register as a sex offender are eligible to seek to discontinue their registration.  While various subsections of that

1

statute apply to persons convicted of a sex offense as a juvenile, section 16-22-113(1)(e) expressly provides that "person[s] [who were] younger than eighteen years of age at the time of commission of the offense" may seek to deregister as a sex offender "after the successful completion of and discharge from a juvenile sentence or disposition . . . ."

¶ 4 In this appeal, we consider whether a person who served a sentence or disposition that was not his or her original juvenile sentence or disposition is nonetheless eligible to file a petition to deregister as a sex offender under section 16-22-113(1)(e).

¶ 5 We conclude that the reference to "the successful completion of and discharge from *a* juvenile sentence or disposition" in section 16-22-113(1)(e) (emphasis added) does not mean that the person must have successfully completed his or her *original* sentence or disposition. We therefore affirm the district court's order.

I. Background

¶ 6 When J.M.M. was eleven years old, he was charged with sexual assault on a child, violent crime-sexual offense, and sexual assault on a child (pattern). On March 21, 2000, J.M.M. pleaded guilty to sexual assault on a child (pattern) and, together with the

2

prosecution, submitted a motion for a two-year deferred sentence subject to specified terms and conditions. The terms and conditions included sex offender treatment and registration as a sex offender. The court granted the motion and ordered J.M.M. to register as a sex offender within forty-eight hours of accepting the deferred sentence.

¶ 7    But J.M.M. did not satisfy the terms and conditions of the deferred sentence. Accordingly, the People filed a motion to revoke J.M.M.'s deferred sentence. The court granted the motion, revoked the deferred sentence, sentenced J.M.M. to twenty-four months of probation, and ordered him to complete sex offender treatment.

¶ 8    No fewer than three times, J.M.M. violated the terms and conditions of his probation and was resentenced to probation. On January 6, 2004, following J.M.M.'s last violation of the terms and conditions of his probation, the court sentenced him to the custody of the Department of Youth Corrections (DYC) for two years and ordered him to successfully complete sex offender treatment (the final sentence).

¶ 9    J.M.M. satisfied the terms and conditions of the final sentence. He was paroled on December 19, 2005.

¶ 10    On April 23, 2019, J.M.M. filed a petition to discontinue sex offender registration pursuant to section 16-22-113(1)(e).  The People objected, arguing that he was not eligible to have his sex offender registration discontinued under section 16-22-113(1)(e), and that section 16-22-113(1)(a) applied instead, because J.M.M. had not successfully completed his original sentence or disposition.

¶ 11    The People do not explain when J.M.M. first received a "sentence" or a "disposition."  A deferred sentence logically cannot be a "sentence" because it is deferred.  A defendant who receives a deferred sentence can avoid a sentence by satisfying the terms and conditions of the deferred sentence.  *See Pineda-Liberato v. People*, 2017 CO 95, ¶ 15, 403 P.3d 160, 163 ("[O]nce a person has successfully completed a deferred sentence, his or her guilty plea is withdrawn, and the case is dismissed, no conviction is deemed to have existed.").

¶ 12    A deferred sentence may not constitute a "disposition" either.  The definition of "convicted" or "conviction" in section 16-22-102(3), C.R.S. 2020, separately mentions "having received a disposition as a juvenile" and "having received a deferred judgment and sentence or a deferred adjudication."  Thus, a "disposition" is

4

different from a "deferred judgment and sentence or a deferred adjudication." In addition, neither the sex offender registration statute, § 16-22-103, nor the definitional section of the juvenile code, § 19-2-103, C.R.S. 2020, contains a definition of "disposition."

¶ 13 The People's failure to clarify the first time J.M.M. received a "sentence" or "disposition" is of no consequence, however. Regardless of whether J.M.M.'s "two-year deferred judgment and sentence" was or was not a "sentence" or a "disposition," he received a "sentence" or a "disposition" the first time the court placed him on probation. As noted above, more than once, J.M.M. violated the terms and conditions of his probation and was re-sentenced to probation. There is no dispute that J.M.M. received multiple "sentences" or "dispositions." Thus, we need not decide which specific court order reflected J.M.M.'s initial "sentence" or "disposition."

¶ 14 Section 16-22-113(1) and its paragraph (a) set forth the general eligibility requirements for discontinuance of sex offender registration:

[A]ny person required to register pursuant to section 16-22-103 . . . may file a petition with the court that issued the order of judgment for the conviction that requires the person to register for an order to discontinue the requirement for such registration . . . as follows:

(a) Except as otherwise provided in paragraphs (d), (e), and (f) of this subsection (1), if the offense that required such person to register constituted or would constitute a class 1, 2, or 3 felony, after a period of twenty years from the date of such person's discharge from the department of corrections, if such person was sentenced to incarceration, or discharge from the department of human services, if such person was committed, or final release from the jurisdiction of the court for such offense, if such person has not subsequently been convicted of unlawful sexual behavior or of any other offense, the underlying factual basis of which involved unlawful sexual behavior . . . .

¶ 15    If section 16-22-113(1)(a) applies, J.M.M. would not be eligible to seek to discontinue his registration until he had waited "twenty years from the date of [his] . . . discharge from the department of human services . . . ." Thus, under the People's reading of sections 16-22-113(1)(a) and 16-22-113(1)(e), J.M.M. filed his petition to discontinue his registration prematurely.

¶ 16    At the deregistering hearing, the district court found that J.M.M. "successfully complete[d] [his] DYC commitment, . . .

6

ha[sn't] been under the Juvenile Court's jurisdiction for some decades now, . . . do[es] not present a community safety risk," and successfully completed the juvenile sex offender treatment program. Accordingly, the court ordered the discontinuance of J.M.M.'s sex offender registration.

¶ 17 On appeal, the People argue that, because J.M.M. failed to complete the terms of his "original, deferred judgment" and had his probation revoked multiple times, the district court erred by applying section 16-22-113(1)(e) and granting J.M.M.'s petition to deregister as a sex offender. We disagree.

## II. The Colorado Sex Offender Registration Act

### A. Standard of Review

¶ 18 We review issues of statutory interpretation de novo. *McCulley v. People*, 2020 CO 40, ¶ 10, 463 P.3d 254, 257. "We must interpret the statute as a whole and in the context of the entire statutory scheme, giving consistent, harmonious, and sensible effect to all its parts." *Id.* In construing a statute, our goal is to ascertain and give effect to the General Assembly's intent. *Id.* To determine the intent of the General Assembly, we first look to the statutory language, giving words and phrases their plain and

ordinary meanings. *Id.* If the language of the statute is clear and unambiguous, we give effect to its plain meaning and apply the statute as written. *Manjarrez v. People*, 2020 CO 53, ¶ 19, 465 P.3d 547, 550-51.

## B.    Analysis

### 1.    The Statutory Framework

¶ 19     Section 16-22-113(1)(e) provides that a person required to register because he or she committed a sex offense as a juvenile may file a petition to discontinue registration

> *after the successful completion of and discharge from a juvenile sentence or disposition,* and if the person prior to such time has not been subsequently convicted or has a pending prosecution for unlawful sexual behavior or for any other offense, the underlying factual basis of which involved unlawful sexual behavior and the court did not issue an order either continuing the duty to register or discontinuing the duty to register pursuant to paragraph (b) of subsection (1.3) of this section.

(Emphasis added.)

¶ 20     The People argue that, even though J.M.M. completed the final sentence, he did not "successfully complete" it. Thus, the People assert, J.M.M. is ineligible to seek to deregister as a sex offender

8

under section 16-22-113(1)(e) because the court imposed the final sentence only after revoking J.M.M.'s original sentence or disposition and after J.M.M. had violated the terms and conditions of his probation at least three times.

¶ 21 The People argue that the language in other sections of the Act compels the conclusion that section 16-22-113(1)(e) does not apply to J.M.M.'s petition to discontinue sex offender registration. The People note that section 16-22-103 provides that persons who were ordered to register as sex offenders while juveniles may petition the court for an order to discontinue their registration "with respect to section 16-22-113(1)(a) to (1)(e)." We agree with the People that this language indicates that subsection (1)(e) is not the only subsection of section 16-22-113 applicable to juvenile offenders.

¶ 22 According to the People, three of the other subsections of section 16-22-113 must guide our interpretation of section 16-22-113(1)(e). Subsections (1)(a) and (1)(b) of section 16-22-113 refer to the person's "discharge from the department of human services, if such person was committed," while subsection (1)(a.5) addresses "completion of the person's sentence and his . . .

discharge from the department of human services, if he . . . was committed to such department."

¶ 23　　The People, however, do not draw a meaningful distinction between the references to sentences of commitment in subsections (1)(a), (1)(a.5), and (1)(b), and the use of "successful completion" in subsection (1)(e).  The references to sentences of commitment in the first three subsections do not compel the conclusion that a "successful completion" for purposes of subsection (1)(e) only means the successful completion of the original sentence.  We see no inconsistency between the references to "discharge from the department of human services" after the person "was committed" in subsections (1)(a), (1)(a.5), and (1)(b), and the reference to "successful completion" in subsection (1)(e).

¶ 24　　In addition, subsections (1)(a), (1)(a.5), and (1)(b) expressly tell us that they do not apply to subsection (1)(e).  *See* § 16-22-113(1)(a) ("[e]xcept as otherwise provided in paragraphs (d), (e), and (f) of this subsection (1) . . ."); § 16-22-113(1)(a.5) ("[e]xcept as otherwise provided in subsections (1)(d), (1)(e), and (1)(f) of this section . . ."); § 16-22-113(1)(b) ("[e]xcept as otherwise provided in paragraphs (d), (e), and (f) of this subsection (1) . . .").  Although we follow the canon

10

of statutory construction that, when interpreting related statutes, we must "harmonize their meanings and interpret their words consistently," *Gen. Elec. Co. v. Niemet*, 866 P.2d 1361, 1366 (Colo. 1994), there is nothing to harmonize if the words of the different statutes do not produce dissonance.

¶ 25    While we agree with the People that we cannot ignore the word "successful" in section 16-22-113(1)(e), *see People v. Lee*, 2020 CO 81, ¶ 11, 476 P.3d 351, 354, they do not point to any case law or other authority stating that the use of "successful" in the statute means that a juvenile sex offender cannot "successfully complete" a subsequent sentence involving the same juvenile offense.  But a recent case from a division of this court demonstrates that the district court correctly interpreted "successful completion."

¶ 26    In *People v. Argott*, a division of this court held that a defendant had "successfully completed" the community-based portion of his sentence for purposes of section 18-1.3-103.5(2)(a), C.R.S. 2020, even though the court had twice revoked his probation and twice resentenced him to probation.  2021 COA 42, ¶¶ 2, 19, ___ P.3d ___, ___.  In that case, the trial court had originally sentenced the defendant to probation after he pleaded guilty to a

11

drug felony that fell under section 18-1.3-103.5(2)(a). *Id.* at ¶ 2, ___ P.3d at ___. (Section 18-1.3-103.5(2)(a) is known as a "wobbler" statute because the severity of the offense "wobbles" from a felony to a misdemeanor upon the defendant's "successful completion" of the community-based portion of his sentence. *Id.* at ¶ 1, ___ P.3d at ___.)

¶ 27    After satisfying the terms of his second sentence of probation, the defendant in *Argott* asked the court to reduce his conviction to a misdemeanor because he had "successfully completed" his probation. *Id.* at ¶ 2, ___ P.3d at ___. The trial court denied the defendant's request based on the same theory that the People advance here — that the revocation of the defendant's probation "meant that [defendant] had not successfully completed his probation." *Id.*

¶ 28    The division, however, held that "successfully completed" for purposes of section 18-1.3-103.5(2)(a) means that "the defendant successfully complete[d] *any* subsequent community-based probationary sentence." *Id.* at ¶ 9, ___ P.3d at ___ (emphasis added). The division in *Argott* noted that the statute "does not exclude from its reach defendants who have had courts revoke their

12

probation and whom courts have then resentenced to probation."
*Id.* at ¶ 14, ___ P.3d at ___. The division observed that the disqualifying circumstances in section 18-1.3-103.5(2)(a) do not include the revocation of the defendant's probation and his or her resentencing. *Id.* at ¶ 15, ___ P.3d at ___.

¶ 29 We are persuaded that the reasoning of *Argott* applies here. Like section 18-1.3-103.5(2)(a), sections 16-22-113(1)(e) and 16-22-113(3) specify circumstances that disqualify sex offenders from seeking to deregister. Those disqualifying circumstances do not include resentencing after revocation of probation. "If the General Assembly had wanted to classify the situation that we face now as a disqualifying circumstance, it easily could have done so." *Argott,* ¶ 15, ___ P.3d at ___.

¶ 30 The *Argott* division further considered the General Assembly's intent in enacting section 18-1.3-103.5(2)(a). But, in this case, we need not explore the legislative intent underlying section 16-22-113(1)(e) because such intent is clear from the statute's plain language. *See People v. Rojas,* 2019 CO 86M, ¶ 10, 450 P.3d 719, 721.

13

2. The Grammatical Structure of Section 16-22-113(1)(e)

¶ 31  More fundamentally, the People's argument cannot be squared with the General Assembly's use of the indefinite article "a" preceding "juvenile sentence or disposition." *See Brooks v. Zabka*, 168 Colo. 265, 269, 450 P.2d 653, 655 (1969) ("It is a rule of law well established that the definite article 'the' particularizes the subject which it precedes. It is a word of limitation as opposed to the indefinite or generalizing force of 'a' or 'an.'"); *see also Niz-Chavez v. Garland*, 593 U.S. ___, ___, 141 S. Ct. 1474, 1481-82 (2021) (explaining that "a" is an indefinite article and that "the" is a definite article).

¶ 32  The statute refers to "a" sentence or disposition, which is not limiting and does not mean a specific juvenile sentence or disposition, much less the offender's original sentence or disposition. *See People v. Flynn*, 2020 COA 54, ¶¶ 19-20, 463 P.3d 360, 363 (explaining that the use of the word "the" in "the officer" particularizes or defines which officer). The People's interpretation of section 16-22-113(1)(e) would require us to rewrite the statute by replacing "a" with "the original."

¶ 33 As we read the statute, a juvenile offender is eligible to seek to deregister as a sex offender even if the offender failed to satisfy the terms and conditions of earlier sentences or dispositions, so long as the offender successfully completed his or her subsequently imposed sentence or disposition. After all, under those circumstances, the offender completed "a sentence or disposition."

¶ 34 Thus, we do not read the statute to mean that a "successful completion" only occurs if the juvenile offender successfully completes his or her original sentence or disposition. If the General Assembly intended the statute to apply only to those juvenile offenders who successfully completed their original sentence or disposition, it could have done so by using "the original" in place of "a." (Or, as noted above, *supra* Part II.B.1, the statute could have stated that juvenile offenders who do not complete their original sentence or disposition are disqualified from deregistering.) "[W]e must accept the General Assembly's choice of language and not add or imply words that simply are not there." *People v. Diaz*, 2015 CO 28, ¶ 15, 347 P.3d 621, 625 (quoting *People v. Benavidez*, 222 P.3d 391, 394 (Colo. App. 2009)). Given that the language of the statute is unambiguous, we apply the statute as written. *See Manjarrez,*

15

¶ 19, 465 P.3d at 550-51. Because J.M.M. successfully completed a juvenile sentence or disposition and satisfied the other requirements of section 16-22-113(1)(e), we conclude the district court did not err by granting J.M.M.'s petition to discontinue sex offender registration.

### III. Conclusion

The order is affirmed.

JUDGE ROMÁN and JUDGE HARRIS concur.